IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MIRANDA COSGROVE and CHRISTINA COSGROVE,**

    Plaintiffs,

v.

**RODNEY D. MCCLURE, individually
and as an agent and/or employee of
PIONEER COACH, INC.; PIONEER COACH, INC.,
a foreign corporation; PHILLIP L. CARTER,
individually as an agent and/or employee of
JEFFCO LEASING CO., INC.;
JEFFCO LEASING CO., INC., a foreign
corporation; and FOUR SEASONS COACH
LEASING, INC., a foreign corporation,**

    Defendants.                           Case No. 13-cv-580-DRH-DGW

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Upon review of plaintiffs' complaint (Doc. 2), the Court finds that it must raise the issue *sua sponte* of whether it has subject matter jurisdiction over this case. *See McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.").

Plaintiffs bring this cause of action on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Section 1332 requires complete diversity between

the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

As to diversity of citizenship, it is well-established that allegations of residency may or may not demonstrate citizenship, as citizenship depends on domicile. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Thus, an individual is a citizen of the state in which he or she is domiciled, meaning where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Plaintiffs do not adequately allege the citizenship of the individual parties. Additionally, a corporation's citizenship is based on its principal place of business and place of incorporation. 28 U.S.C. § 1332(c)(1). Plaintiffs do not adequately allege the citizenship of the corporate defendants.

On the basis of the above, plaintiffs are **DIRECTED** to brief the jurisdictional basis of their claims on or before **July 15, 2013**. Specifically, plaintiffs must address the citizenship of *each* party *and demonstrate that the amount in controversy meets the jurisdictional amount* under Section 1332. Plaintiffs' failure to sufficiently demonstrate that subject matter jurisdiction exists will result in the *sua sponte* dismissal of this action.

**IT IS SO ORDERED.**
Signed this 24th day of June, 2013.

David R. Herndon
2013.06.24 13:18:26
-05'00'

**Chief Judge United States District Court**