IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MIRANDA COSGROVE and CHRISTINA
COSGROVE,

    Plaintiffs,

v.

RODNEY D. MCCLURE, individually
and as an agent and/or employee of
PIONEER COACH, INC.;  PIONEER COACH, INC.,
a foreign corporation; PHILLIP L. CARTER,
individually as an agent  and/or employee of
JEFFCO LEASING CO., INC.; and
JEFFCO LEASING CO., INC., a foreign
corporation,

    Defendants.                    Case No. 13-cv-580-DRH-DGW

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I.    Introduction

On June 24, 2013, the Court *sua sponte* raised the issue of whether it has subject matter jurisdiction over this case. *See McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). Plaintiffs were directed to brief the jurisdictional basis of their claims on or before July 15, 2013. Specifically, plaintiffs were directed to "address the citizenship of *each* party *and demonstrate*

*that the amount in controversy meets the jurisdictional amount* under Section 1332" (Doc. 4).

Plaintiffs timely filed a jurisdictional memorandum in response to the Court's directives. Plaintiffs additionally seek leave to file an amended complaint (Doc. 8). However, as plaintiffs' jurisdictional memorandum and proposed amended complaint suffer from similar deficiencies to those which first drew the Court's attention this issue of fundamental importance, plaintiffs' request to file the instant proposed amended complaint is **DENIED**. Plaintiffs are **DIRECTED** to file an amended complaint by **August 19, 2013** containing a jurisdictional statement which comports with both the Court's previous directives (Doc. 4) and the following additional guidance.

## II. Jurisdictional Allegations

Plaintiffs bring this cause of action on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Section 1332 requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

### 1. Amount in Controversy

Interestingly, the Court notes that the proposed amended complaint states, "plaintiffs suffered significant personal injuries and corresponding economic and non-economic loss which far exceeds the $75,000.00 jurisdictional limit." However, plaintiffs' separate counts against separate defendants contain separate

prayers for relief which only ask for "an amount in excess of fifty thousand ($50,000.00) dollars." At this time and at this early stage, the Court finds that the proposed jurisdictional statement prevails and plaintiffs have adequately alleged the requisite amount in controversy, even if their prayer for relief is not consistent with their allegation of jurisdictional amount.

**Citizenship**

As the Court previously informed plaintiffs, as to diversity of citizenship, it is well-established that allegations of *residency* may or may not demonstrate *citizenship* of an individual, as citizenship depends on domicile. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (emphasis added). Thus, an individual is a citizen of the state in which he or she is domiciled, meaning where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). By way of example, a person could reside in one state for the purpose of work or attending college, but be the citizen of another state because she maintains her permanent place of abode in the other state as evidenced by the fact that she owns real estate, pays taxes, maintains her voting rights and more importantly has the intent to return and permanently reside in the state of her citizenship. Comparatively, the state of her residence is a temporary place to live occasioned by the necessity of her job or her desire to obtain an advanced education. *See generally Steigleder*

*v. McQuesten*, 198 U.S. 141 (1905), *Meyerson v. Harrah's East Chicago Casino* 299 F.3d 616 (7th Cir 2002).

In this case, there are four individual parties. For all four parties, plaintiffs have only alleged their *residency*. This does not sufficiently demonstrate that diversity of citizenship exists.

As for the two corporate defendants, plaintiffs have adequately alleged the corporations' citizenship. 28 U.S.C. § 1332(c)(1).

Thus, plaintiffs are **DIRECTED** to file an amended complaint by **August 19, 2013**, in accordance with this Order, the Court's previous directives (Doc. 4), and the FEDERAL RULES OF CIVIL PROCEDURE. Failure to file an amended complaint which adequately demonstrates that subject matter jurisdiction exists over these claims shall result in dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Signed this 17th day of July, 2013.

Digitally signed by David R. Herndon
Date: 2013.07.17 16:41:57 -05'00'

**Chief Judge**
**United States District Court**