IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 3:13-cv-00580-DRH-DGW |
| RODNEY D. MCCLURE, individually and as an agent and/or employee of PIONEER COACH, INC.; PIONEER COACH, INC., a foreign corporation; PHILLIP L. CARTER, individually as an agent and/or employee of JEFFCO LEASING CO., INC.; and JEFFCO LEASING CO., INC., a foreign Corporation. | ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

## **ORDER**

This matter having come to be heard on the motion of the Defendants, PHILLIP L. CARTER and JEFFCO LEASING CO. INC., (hereinafter "defendants"), for the entry of a Qualified Protective Order, due notice hereof having been given and the Court being fully advised in the premises:

IT IS HEREBY ORDERED as follows:

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter be hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to Miranda Cosgrove, Plaintiff in the above entitled action, to the extent and subject to the conditions outlined herein.

(2) For the purpose of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) All "covered entities" (as defined by 45 C.F.R. 160.103) are hereby authorized to disclose PHI pertaining to Miranda Cosgrove, to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4) The parties and their attorneys shall be permitted to use the PHI of Miranda Cosgrove, in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (*i.e.,* attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5) At the conclusion of this litigation, which shall be defined as the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted, any person or entity in possession of PHI pertaining to Miranda Cosgrove, other than the person or entity that generated the PHI, shall destroy any and all copies of said PHI in their possession.

(6) This order shall not control or limit the use of protected health information pertaining to Miranda Cosgrove, that comes into the possession of any party or any party's

attorney from a source <u>other</u> than a "covered entity" (as that term is defined in 45 C.P.R. 160.103).

(7) Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena depositions, pursuant to patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements set forth in the Health Insurance Portability and Accountability Act of 1996 ('HIPAA'), Pub. L. No. 104-191, 110 Stat. 1936, 45 C.F.R. § 164.512, et seq., or state and federal law that protects certain drug and alcohol records (42 USC 290dd-3 and 290ee-3, and 42 C.F.R. Part 2).

(8) In the event that either party wishes to file a document or information under seal, that party must first file a motion in advance of seeking to file the document(s) or information under seal (with the limited exception of information covered by Local Rule 5.1(d)). When filing the motion to seal, the party will contemporaneously submit the document(s) or information in question to the Court for *in camera* review. The Court will then make an individualized determination of whether any such document(s) or information can be filed under seal. *See Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943(7th Cir. 1999); *Bond v. Utreras*, 585 F.3d 1061, 1073-76 (7th Cir. 2009). Any document or information filed under seal without prior Court approval will be unsealed and will become part of the public record.

**IT IS SO ORDERED.**

**DATED: October 28, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**