2665002BR2   AMS/

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PHILLIP CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00547-DRH-PMF |
| | ) | |
| RODNEY D. MCCLURE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00580-DRH-PMF |
| | ) | |
| RODNEY D. MCCLURE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| RODNEY D. MCCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00717-DRH -PMF |
| | ) | |
| PHILLIP L. CARTER, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| LELDON COFFEY and CARRIE COFFEY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 3:13-cv-00819-DRH-PMF |
| RODNEY D. MCCLURE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS PHILLIP L. CARTER AND JEFFCO LEASING CO., INC.'S REPLY IN SUPPORT OF THEIR MOTION FOR RULING ON APPEAL AND TO LIFT THE STAY OF THE CASE FOR DISPOSITIVE MOTIONS**

NOW COME Defendants PHILLIP L. CARTER and JEFFCO LEASING CO., INC. (hereinafter collectively referred to as "Defendants") by and through their attorney, Cray Huber Horstman Heil & VanAusdal LLC, and for their Reply in Support of their Motion for Ruling on Appeal and to Lift the Stay, state as follows:

1. On October 16, 2014, the Cosgrove plaintiffs filed a response in opposition to Defendants' motion for a ruling on their appeal and to lift the stay. 13-cv-00580-DRH-PMF Doc. 143.

2. The Cosgrove plaintiffs make no argument against lifting the stay, as such, this Court should grant Defendants relief from the stay in order to file dispositive motions. *Id*.

3. The gravamen of the Cosgrove plaintiffs' opposition to this Court ruling on Defendants' appeal is that Defendants were not diligent in seeking to add Miranda Rolls, Inc. as a party to this case and that by adding a company owned and managed by Miranda Cosgrove would cause "significant prejudice" to the Cosgrove plaintiffs. *Id*. at ¶1.[1] Defendants were diligent in seeking to add Miranda Rolls, Inc. as a party to this case after assessing the facts that supported filing their claim. The Cosgrove plaintiffs will not be significantly prejudiced by adding Miranda Rolls, Inc. as a party to this case. Indeed, it was the Cosgrove plaintiffs' failure and refusal to comply with Federal Rules of Civil Procedure and the Defendant's discovery requests that prevented defendants from discovering the identity of Miranda Rolls, Inc. before the Court's deadline to file third-party actions. Miranda Rolls, Inc. is a vital party to this lawsuit

---

[1] The Cosgrove plaintiffs have not argued that this Court should not rule on Defendants' appeal but have instead argued for the denial of Defendants' Appeal. Defendants address those arguments in this reply.

2

as it was required to supervise the driver of the tour bus that crashed into a disabled vehicle at the time of this accident pursuant to Federal law.

4. On September 23, 2013, Defendants served the Cosgrove plaintiffs with requests for production and interrogatories. (Exhibit A). The Cosgrove plaintiffs' responses were due on or before October 23, 2013. Fed. R. Civ. P. 33(b)(2).

5. Defendant specifically requested to know the name of Miranda Cosgrove's employer and the name of the entity that received payments for Miranda Cosgrove's entertainment industry events including concert performances. (Exhibit A, Interrogatories Nos. 7, 10). Defendants also demanded that the Cosgrove plaintiffs produce all contracts related to this occurrence. (Exhibit A, request to produce Nos. l, q, r).

6. The Cosgrove plaintiffs did not serve their answers to interrogatories until December 20, 2013. Defendants did not receive Plaintiffs responses to requests to produce until January 2014. (Exhibit B).

7. The Cosgrove plaintiffs discovery responses did not identify Miranda Rolls, Inc. as having any contractual relationship with any party in this case or any information that would have put Defendants on notice that Miranda Rolls, Inc. had a responsibility to supervise the driver of the tour bus at the time of the accident. The Cosgrove plaintiffs did not produce a contract or an agreement between Miranda Rolls, Inc. and any party in this case. The Cosgrove plaintiffs knew that Miranda Rolls, Inc. had contracted with Four Seasons to procure the tour bus that crashed into the disabled tractor-trailer, yet they purposely withheld this information from Defendants until after the deadline for filing a third-party complaint passed.

8. The Cosgrove plaintiffs now seek to reap a benefit from their purposeful failure to comply with the Federal Rules of Civil Procedure. The Cosgrove plaintiffs concede that the

deadline for filing third party complaints was set on December 13, 2013. 13-cv-00580-DRH-PMF Doc. 143 at ¶2. The Cosgrove plaintiffs also concede that Defendants did not have a basis for naming Miranda Rolls, Inc. as a party in this matter until after the deadline had passed. *Id*. at ¶¶3-4. The only reason that Defendants did not have the information to name Miranda Rolls, Inc. as a third party defendant prior to the expiration of the deadline to file third party actions was because of the Cosgrove plaintiffs' failure and refusal to comply with discovery.

9. In addition, the Cosgrove plaintiffs should have identified Miranda Rolls, Inc. in October 2013 when they provided Defendants with their Rule 26 (a) disclosures. (Exhibit C). They did not. The Cosgrove plaintiffs never included any identifying information for Miranda Rolls, Inc. in their initial 26(a) disclosures. It was not until after Defendants requested a discovery dispute conference call with Magistrate Judge Frazier in June of 2014 regarding Plaintiffs failure and refusal to provide documents responsive to Defendants' requests, and Judge Frazier informing the Cosgrove plaintiffs that their failure to produce requested information (now 8 months after their answers and responses were due), could result in a barring order, that the plaintiffs updated their Rule 26(a) disclosures with information regarding Miranda Rolls, Inc. (Exhibit D). Had the Cosgrove plaintiffs provided the necessary information regarding Miranda Rolls, Inc.'s involvement in October 2013, when their discovery responses were due, Defendants would have had the opportunity to add Miranda Rolls, Inc. as a party to this case prior to the expiration of the deadline for filing-third party actions.

10. Plaintiffs could have answered the interrogatories Defendants issued by October 23, 2013 identifying Miranda Rolls, Inc. and explaining its involvement in this matter. They did not.

11. Plaintiffs could have produced the contract between Miranda Rolls Inc. and Four Seasons. They did not. In fact, the Cosgrove plaintiffs, to this day, have never produced the contract between Miranda Rolls, Inc. and Four Seasons.

12. It is telling that in the Cosgrove plaintiffs' response in opposition to Defendants' motion, they never state that they completed discovery within the discovery deadlines or even complied with the discovery rules. They did not. The Cosgrove plaintiffs never argue to this Court that they provided Defendants with information to name Miranda Rolls, Inc. as a party to this case prior to the expiration of the deadline for filing third party complaints. They did not. The Cosgrove plaintiffs argue that Defendants had all the information necessary to name Miranda Rolls, Inc. as a defendant as late as January 2014. The Cosgrove plaintiffs fail to state why they purposefully withheld the identity of and information regarding Miranda Rolls, Inc.'s involvement in this matter from Defendants until after the court deadline had passed. The Cosgrove plaintiffs now seek to prevent Miranda Rolls, Inc. from being named as a defendant in this case when it was the Cosgrove plaintiffs actions, or inactions, that hid the identity of Miranda Rolls, Inc. from these Defendants until after the deadline had passed.

13. Defendants could not have named Miranda Rolls, Inc. as a defendant in this case prior to the expiration of the deadline for discovery. When defendants received information supporting the filing of a third-party claim against Miranda Rolls, Inc., Defendants moved to add Miranda Rolls, Inc. as a party to this case. Defendants filed their motion months before any discovery deposition was taken to avoid any potential prejudice to the parties in the pending litigation.

14. Plaintiffs will not be "significantly prejudiced" by adding Miranda Rolls, Inc. as a defendant in this case. To the contrary, Defendants will be prejudiced by being denied the

opportunity to seek contribution for the acts and omissions of Miranda Rolls, Inc. in this accident. Denying Defendants the opportunity to file a third-party complaint against Miranda Rolls, Inc. rewards the Cosgrove plaintiffs for their failure and refusal to comply with discovery rules and incentivizes plaintiffs to withhold exculpatory evidence from defendants until after discovery deadlines have passed.

15. In Illinois, there is a two-year statute of limitations to file actions for contribution. Defendants filed their motion for leave to file a third-party complaint against Miranda Rolls, Inc. well before the statute of limitations had expired. The statute of limitations will not run until June 2015. Defendants seek to add Miranda Rolls, Inc. as a party and this pending litigation to avoid filing a separate action that may ultimately be consolidated with the matters pending before this Court for judicial economy. Therefore, Defendants' Motion for Ruling on Appeal and to Lift the Stay must be granted.

WHEREFORE, Defendants PHILLIP L. CARTER and JEFFCO LEASING CO. INC. respectfully request that this Honorable Court:

a. Reverse the orders entered by Magistrate Judge Frazier on April 23, 2014 and May 6, 2014;

b. Grant Defendants PHILLIP L. CARTER and JEFFCO LEASING CO. INC. leave to file third-party actions against Miranda Rolls, Inc.,

c. Grant Defendants PHILLIP L. CARTER and JEFFCO LEASING CO. INC. leave to amend their affirmative defenses;

d. Grant Defendants PHILLIP L. CARTER and JEFFCO LEASING CO. INC. leave to file their motions for summary judgment; and

e. Any other relief deemed appropriate.

                                            Respectfully submitted,

                                            CRAY HUBER HORSTMAN HEIL &
                                            VanAUSDAL LLC


                                            /s/David J. Farina
                                            David J. Farina

David J. Farina (#6226736)
CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC
Attorney for Defendants Phillip L. Carter and Jeffco Leasing, Inc.
303 West Madison, Suite 2200
Chicago, Illinois 60606
(312) 332-8450

## CERTIFICATE OF SERVICE

      The undersigned certifies pursuant to Fed.R.Civ.P.5 and LR 5.5, that a true and correct copy of the foregoing Defendants Jeffco Leasing Co., Inc. and Phillip L. Carter's Reply in Support of their Motion for Ruling on Appeal and to Lift the Stay was served via electronic service on all counsel of record on **October 23, 2014**.

                                              /s/David J. Farina
                                              David J. Farina

David J. Farina (ARDC #6226736)
CRAY HUBER HORSTMAN HEIL & VANAUSDAL LLC
303 West Madison, Suite 2200
Chicago, IL 60606
312-332-8450
312-332-8451 fax