2665002BR2 EJW/arm                                              Firm #36699

*due 10.23*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00580-DRH-DGW |
| | ) | |
| RODNEY D. MCCLURE, individually and as an agent and/or employee of PIONEER COACH, INC.; | ) | |
| PIONEER COACH, INC., a foreign corporation; | ) | JURY DEMAND |
| PHILLIP L. CARTER, individually as an agent and/or employee of JEFFCO LEASING CO., INC.; and JEFFCO LEASING CO., INC., a foreign Corporation. | ) | |
| | ) | |
| Defendants. | ) | |

## PROOF OF SERVICE

TO:   Thomas Q. Keefe, Jr., Keefe & Keefe, 6 Executive Woods Court, Belleville, IL 62226;
cc: All Counsel of Record

The undersigned, under penalties as provided by law pursuant to 735 ILCS 5/1-109, states that on September 23, 2013, prior to 5:00 p.m., the following document was served by depositing it in the U.S. Mail at 303 West Madison, Suite 2200, Chicago, Illinois, with proper postage prepaid:

- Defendants Phillip L. Carter and Jeffco Leasing Co., Inc.'s Interrogatories to plaintiff Christina Cosgrove;
- Defendants Phillip L. Carter and Jeffco Leasing Co., Inc.'s Interrogatories to plaintiff Miranda Cosgrove;
- Defendants Phillip L. Carter and Jeffco Leasing Co., Inc.'s Request for Production to plaintiff Miranda Cosgrove;
- Defendants Phillip L. Carter and Jeffco Leasing Co., Inc.'s Request for Production to plaintiff Christina Cosgrove.



Eryk J. Wachnik

**EXHIBIT**
A

Michael D. Huber
Eryk J. Wachnik
CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, IL 60606
312-332-8450

## SERVICE LIST

**Attorneys for Plaintiffs, Miranda Cosgrove and Christina Cosgrove**
Thomas Q. Keefe, Jr.
Keefe & Keefe, P.C.
6 Executive Woods Court
Belleville, IL 62226
618-236-2221
618-236-2194 FAX

And

Joseph A. Power, Jr.
POWER ROGERS & SMITH, P.C.
70 W. Madison St., 55th Floor
Chicago, IL 60602
312-236-9381
312-236-0920 FAX

**Attorneys for Pioneer Coach and Rodney McClure**
Ms. Natalie Kussart
Sandberg, Phoenix & von Gontartd, P.C.
600 Washington Avenue
15th Floor
St. Louis, MO  63101
314-231-3332
314-241-7604
nkussart@sandbergphoenix.com

2665002BR2  EJW/arm                                    Firm #36699

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 3:13-cv-00580-DRH-DGW |
| RODNEY D. MCCLURE, individually and as an agent and/or employee of PIONEER COACH, INC.; PIONEER COACH, INC., a foreign corporation; PHILLIP L. CARTER, individually as an agent and/or employee of JEFFCO LEASING CO., INC.; and JEFFCO LEASING CO., INC., a foreign Corporation. | ) ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

### DEFENDANT PHILLIP L. CARTER AND JEFFCO LEASING CO. INC.'S INTERROGATORIES TO PLAINTIFF CHRISTINA COSGROVE

Defendant, PHILLIP L. CARTER and JEFFCO LEASING CO. INC., by and through their counsel, Cray Huber Horstman Heil & VanAusdal LLC, propound the following interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, upon plaintiff, Christina Cosgrove, to be answered within 30 days:

### Definitions

1.  **Document** -- When used in these Interrogatories, the term "document" shall be used in its broadest sense consistent with all applicable federal rules so as to include recorded or electronic information or data in any form, and shall include without limitation both an original and any non-identical copy, writing or graphic representation.

2.  **Occurrence** -- When used in these Interrogatories, the term "occurrence" shall mean the alleged occurrence referred to in the complaint in this matter, and from which you seek to impose liability on this defendant.

3.  **Identify/Identity** -- When used in these Interrogatories, the term "identify" or "identity" when used in connection with a person, shall mean that you provide the full name,

home address, telephone number and date of birth.  When used in connection with a document, the term "identify" or "identity" shall mean that you provide the following:

     a.     date(s) the document was generated;
     b.     identify the author(s) of the document;
     c.     description of the document (e.g., letter, deed, memorandum, etc.);
     d.     identify any indicated recipient(s) of the document;
     e.     identify every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure; and
     f.     subject matter of the document;

4.    **You/Your** -- When used in these interrogatories, the term "you" or "your" shall refer to the party to whom these interrogatories are directed, and shall include anyone acting on behalf of that party, over whom that party has control, or which is, or may be, subrogated to that party's interests, including without limitation any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

5.    **Person** -- When used in these interrogatories, the term "person" includes any individual, partnership, corporation or other business or legal entity, unincorporated association, or society, municipal or other corporation, local, state or federal government, their agencies or political subdivisions, any court or Governmental Agency.  The singular shall include the plural, and the male shall include the female.

## Instructions

1.    Your answers to these interrogatories shall be made within 30 days.

2.    In the event you object to any interrogatory in whole or in part, state in complete detail in your answer the nature of your objection, and answer any part of the interrogatory to which you do not object.

3.    These interrogatories are continuing in character so as to require you to promptly supplement your answer if you obtain further or different information after filing your answer.

## Interrogatories

1.    State your full name, as well as your current residence, address, date of birth, marital status, driver's license number and issuing state, and social security number.

**ANSWER:**

2.    State the full name and current residence address of each person who witnessed or claims to have witnessed the occurrence that is the subject of this suit (hereinafter referred to simply as the occurrence).

**ANSWER:**

3.      State the full name and current residence address of each person, not named in interrogatory No. 2 above, who was present and/or claims to have been present at the scene immediately before, at the time of, and/or immediately after the occurrence.

**ANSWER**:

4.      Describe the personal injuries sustained by you as a result of the occurrence.

**ANSWER**:

5.      With regard to your injuries, state:

(a)     The name and address of each attending physician and/or health care professional;

(b)     The name and address of each consulting physician and/or other health care professional;

(c)     The name and address of each person and/or laboratory taking any X-ray, MRI and/or other radiological tests of you;

(d)     The date or inclusive dates on which each of them rendered you service;

(e)     The amounts to date of their respective bills for services; and

(f)      From which of them you have written reports.

**ANSWER**:

6.      As the result of your personal injuries, were you a patient or outpatient in any hospital and/or clinic?  If so, state the names and addresses of all hospitals and/or clinics, the amounts of their respective bills and the date or inclusive dates of their services.

**ANSWER**:

7.      As the result of your personal injuries, were you unable to work?  If so, state:

(a)     The name and address of your employer, if any, at the time of the occurrence, your wage and/or salary, and the name of your supervisor and/or foreperson;

(b)     The date or inclusive dates on which you were unable to work;

(c)     The amount of wage and/or income loss claimed by you;

(d)      Identify how you calculated this loss claimed; and

3

      (e)     The name and address of your present employer and your wage and/or salary.

**ANSWER:**

8.     State any and all other expenses and/or losses you claim as a result of the occurrence. As to each expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amounts are owed, whether the expense and/or loss in question has been paid and, if so by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

**ANSWER:**

9.     Had you suffered any personal injury or prolonged, serious and/or chronic illness prior to the date of the occurrence?  If so, state when and how you were injured and/or ill, where you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician, or other health care professional, hospital and or clinic rendering you treatment for each injury and /or chronic illness.

**ANSWER:**

10.    Are you claiming any psychiatric, psychological and/or emotional injuries as a result of this occurrence? If so, state:

      (a)     The name and address of each psychiatrist, physician, psychological, and/or emotional injury claimed, and the name and address of each psychiatrist, therapist, or other health care professional rendering you treatment for each injury;

      (b)     Whether you had suffered any psychiatric, psychological and/or emotional injury prior to the date of the occurrence; and

      (c)     If (b) is in the affirmative, please state when and the nature of any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist, or other health care professional rendering you treatment for each injury.

**ANSWER:**

11.    Have you suffered any personal injury or prolonged, serious and/or chronic illness since the date of the occurrence?  If so, state when you were injured and/or ill, where and how you were injured and/or ill, describe the injuries and/or the illness suffered, and state the name and address of each physician or other health care professional, hospital and/or clinic rendering you treatment for each injury and/or chronic illness.

**ANSWER:**

12.     Have you ever filed any other lawsuits for your own personal injuries?  If so, state the nature of the injuries claimed, the courts and the captions in which filed, the years filed, and the titles and docket numbers of the suits.

**ANSWER**:

13.     Have you ever filed a claim for and/or received any workers' compensation benefits for injuries arising out of this incident or any incident other than the occurrence listed in your complaint?  If so, state the name and address of the employer against whom you filed for and/or received benefits, the date of the alleged accident or accidents, the description of the alleged accident or accidents, the nature of your injuries claimed and the name of the insurance company, if any, who paid any such benefits.

**ANSWER**:

14.     Were any photographs, movies and/or videotapes taken of the scene of the occurrence or of the persons and/or objects involved?  If so, state the date or dates which such photographs, movies and/or videotapes were taken, the subject thereof, who now has custody of them, and the name, address, occupation and employer of the person taking them.

**ANSWER**:

15.     Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the occurrence complained of occurred, or have you overheard any statements made by any person at any time with regard to the injuries complained of by any plaintiff or the manner in which the occurrence complained of occurred?

If the answer to his interrogatory is in the affirmative, state the following:

      (a)     The date or dates of such conversations and/or statements;

      (b)     The place of such conversations and/or statements;

      (c)     All persons present for the conversations and/or statements;

      (d)     The matters and things stated by the person in the conversations and/or statements;

      (e)     Whether the conversation was oral, written and/or recorded; and

      (f)     Who has possession of the statement if written and/or recorded.

**ANSWER**:

16.     Do you know of any statements made by any person relating to the occurrence or the condition of the tour bus at any time prior to the occurrence alleged in plaintiffs' complaint?  If so, give the name and address of each such witness, the date of the statement, and state

whether such statement was written/or oral, and if oral, whether the statement was recorded in any way.

**ANSWER**:

17.   Had you consumed any alcoholic beverage within 12 hours immediately prior to the occurrence?  If so, state the names and addresses of those from whom it was obtained, where it was consumed, the particular kind and amount of alcoholic beverage so consumed by you, and the names and current residence addresses of all persons known by you to have knowledge concerning the consumption of alcoholic beverages.

**ANSWER**:

18.   Have you ever been convicted of a misdemeanor involving dishonesty, false statement or a felony?  If so, state the nature thereof, the date of the conviction, and the court and the caption in which the conviction occurred.  For the purpose of this interrogatory, a plea of guilty shall be considered as a conviction.

**ANSWER**:

19.   Had you used any drugs or medications within 24 hours immediately prior to the occurrence?  If so, state the names and addresses of those from whom it was obtained, where it was used, the particular kind and amount of drug or medication so used by you, and the names and current residence addresses of all persons known by you to have knowledge concerning the use of said drug or medication.

**ANSWER**:

20.   Have you received any payment and/or other consideration from any source in compensation for the injuries alleged in your complaint?  If your answer is in the affirmative, state:

(a)   The amount of such payment and/or other consideration received;

(b)   The name of the person, firm, insurance company and/or corporation making such payment or providing other consideration and the reason for the payment and/or other consideration; and

(c)   Whether there are any documents evidencing such payment and/or other consideration received.

**ANSWER**:

21.   List the names and addresses of all other persons (other than yourself and persons heretofore listed) who have knowledge of the facts of the occurrence and/or the injuries and damages claimed to have resulted therefrom.

**ANSWER**:

22.     State whether you have fully recovered from the effects of any injury, illness or disability received as a result of the alleged occurrence.  If so, state the date when you were fully recovered.  If not, state what continuing problems or complaints remain and with what frequency each is presently experienced.

**ANSWER**:

23.     State whether you are presently under the care of any health care provider.  If so, state the name and address of such health care provider, the date of the last appointment, the date of the next scheduled appointment and the nature of the treatments you are presently receiving.

**ANSWER**:

24.     State whether any of the service invoices for treatment set out in your answers to these interrogatories has been paid.  If so, state which bills have been paid, how and by whom they have been paid, including whether any payments were made on your behalf by Medicare.

**ANSWER**:

25.     Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim.

**ANSWER**:

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL &
VanAUSDAL, LLC

By:  _____
Michael D. Huber

Michael D. Huber
David J. Farina
Cray Huber Horstman Heil & VanAusdal LLC
Attorneys for Defendant Phillip L. Carter and Jeffco Leasing Co., Inc.
303 West Madison, Suite 2200
Chicago, Illinois 60606
(312) 332-8450

## CERTIFICATION

Pursuant to F.R.C.P. Rule 26, the undersigned certifies that the statements set forth in this instrument are true and correct to the best of her knowledge and belief.


_____

Christina Cosgrove

2665002BR2  EJW/arm                                          Firm #36699

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:13-cv-00580-DRH-DGW |
| RODNEY D. MCCLURE, individually and as an agent and/or employee of PIONEER COACH, INC.; | ) ) ) | |
| PIONEER COACH, INC., a foreign corporation; PHILLIP L. CARTER, individually as an agent and/or employee of JEFFCO LEASING CO., INC.; and JEFFCO LEASING CO., INC., a foreign Corporation. | ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

### DEFENDANT PHILLIP L. CARTER AND JEFFCO LEASING CO. INC.'S INTERROGATORIES TO PLAINTIFF MIRANDA COSGROVE

Defendant, PHILLIP L. CARTER and JEFFCO LEASING CO. INC., by and through their counsel, Cray Huber Horstman Heil & VanAusdal LLC, propound the following interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, upon plaintiff, Miranda Cosgrove, to be answered within 30 days:

### Definitions

1.     **Document** -- When used in these Interrogatories, the term "document" shall be used in its broadest sense consistent with all applicable federal rules so as to include recorded or electronic information or data in any form, and shall include without limitation both an original and any non-identical copy, writing or graphic representation.

2.     **Occurrence** -- When used in these Interrogatories, the term "occurrence" shall mean the alleged occurrence referred to in the complaint in this matter, and from which you seek to impose liability on this defendant.

3.     **Identify/Identity** -- When used in these Interrogatories, the term "identify" or "identity" when used in connection with a person, shall mean that you provide the full name,

1

home address, telephone number and date of birth.  When used in connection with a document, the term "identify" or "identity" shall mean that you provide the following:

    a.    date(s) the document was generated;

    b.    identify the author(s) of the document;

    c.    description of the document (e.g., letter, deed, memorandum, etc.);

    d.    identify any indicated recipient(s) of the document;

    e.    identify every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure; and

    f.    subject matter of the document;

4.    **You/Your** -- When used in these interrogatories, the term "you" or "your" shall refer to the party to whom these interrogatories are directed, and shall include anyone acting on behalf of that party, over whom that party has control, or which is, or may be, subrogated to that party's interests, including without limitation any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

5.    **Person** -- When used in these interrogatories, the term "person" includes any individual, partnership, corporation or other business or legal entity, unincorporated association, or society, municipal or other corporation, local, state or federal government, their agencies or political subdivisions, any court or Governmental Agency.  The singular shall include the plural, and the male shall include the female.

### Instructions

1.    Your answers to these interrogatories shall be made within 30 days.

2.    In the event you object to any interrogatory in whole or in part, state in complete detail in your answer the nature of your objection, and answer any part of the interrogatory to which you do not object.

3.    These interrogatories are continuing in character so as to require you to promptly supplement your answer if you obtain further or different information after filing your answer.

### Interrogatories

1.    State your full name, as well as your current residence, address, date of birth, marital status, driver's license number and issuing state, and social security number.

**ANSWER**:

2.    State the full name and current residence address of each person who witnessed or claims to have witnessed the occurrence that is the subject of this suit (hereinafter referred to simply as the occurrence).

**ANSWER**:

3.      State the full name and current residence address of each person, not named in interrogatory No. 2 above, who was present and/or claims to have been present at the scene immediately before, at the time of, and/or immediately after the occurrence.

**ANSWER:**

4.      Describe the personal injuries sustained by you as a result of the occurrence.

**ANSWER:**

5.      With regard to your injuries, state:

(a)     The name and address of each attending physician and/or health care professional;

(b)     The name and address of each consulting physician and/or other health care professional;

(c)     The name and address of each person and/or laboratory taking any X-ray, MRI and/or other radiological tests of you;

(d)     The date or inclusive dates on which each of them rendered you service;

(e)     The amounts to date of their respective bills for services; and

(f)     From which of them you have written reports.

**ANSWER:**

6.      As the result of your personal injuries, were you a patient or outpatient in any hospital and/or clinic?  If so, state the names and addresses of all hospitals and/or clinics, the amounts of their respective bills and the date or inclusive dates of their services.

**ANSWER:**

7.      As the result of your personal injuries, were you unable to work?  If so, state:

(a)     The name and address of your employer, if any, at the time of the occurrence, your wage and/or salary, and the name of your supervisor and/or foreperson;

(b)     The date or inclusive dates on which you were unable to work;

(c)     The amount of wage and/or income loss claimed by you;

(d)     Identify how you calculated the wage and/or income loss claimed; and

      (e)     The name and address of your present employer and your wage and/or salary.

**ANSWER**:

8.     State the names, locations, and dates of all professional and entertainment industry events, including but not limited to concerts, performances, shows, television and radio appearances and promotional appearances, that you allege to have missed as a result of the occurrence complained of.

**ANSWER**:

9.     Itemize and state in detail the amount of net income you claim to have lost from all professional and entertainment industry events, including but not limited to concerts, performances, shows, television and radio appearances, and promotional appearances, that you allege to have missed as a result of the occurrence complained of. In answering this interrogatory, please state the method used in calculating these loss amounts.

**ANSWER**:

10.     State the name of the entity that receives payment for your appearance at professional and entertainment industry events, including but not limited to concerts, performances, shows, television and radio appearances, and promotional appearances.

**ANSWER**:

11.     State any and all other expenses and/or losses you claim as a result of the occurrence. As to each expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amounts are owed, whether the expense and/or loss in question has been paid and, if so by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

**ANSWER**:

12.     Had you suffered any personal injury or prolonged, serious and/or chronic illness prior to the date of the occurrence? If so, state when and how you were injured and/or ill, where you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician, or other health care professional, hospital and or clinic rendering you treatment for each injury and /or chronic illness.

**ANSWER**:

13.     Are you claiming any psychiatric, psychological and/or emotional injuries as a result of this occurrence? If so, state:

      (a)     The name and address of each psychiatrist, physician, psychological, and/or emotional injury claimed, and the name and address of each

psychiatrist, therapist, or other health care professional rendering you treatment for each injury;

(b)     Whether you had suffered any psychiatric, psychological and/or emotional injury prior to the date of the occurrence; and

(c)     If (b) is in the affirmative, please state when and the nature of any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist, or other health care professional rendering you treatment for each injury.

**ANSWER**:

14.     Have you suffered any personal injury or prolonged, serious and/or chronic illness since the date of the occurrence?  If so, state when you were injured and/or ill, where and how you were injured and/or ill, describe the injuries and/or the illness suffered, and state the name and address of each physician or other health care professional, hospital and/or clinic rendering you treatment for each injury and/or chronic illness.

**ANSWER**:

15.     Have you ever filed any other lawsuits for your own personal injuries?  If so, state the nature of the injuries claimed, the courts and the captions in which filed, the years filed, and the titles and docket numbers of the suits.

**ANSWER**:

16.     Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the occurrence complained of occurred, or have you overheard any statements made by any person at any time with regard to the injuries complained of by any plaintiff or the manner in which the occurrence complained of occurred?

If the answer to his interrogatory is in the affirmative, state the following:

(a)     The date or dates of such conversations and/or statements;

(b)     The place of such conversations and/or statements;

(c)     All persons present for the conversations and/or statements;

(d)     The matters and things stated by the person in the conversations and/or statements;

(e)     Whether the conversation was oral, written and/or recorded; and

(f)     Who has possession of the statement if written and/or recorded.

**ANSWER:**

17.    Do you know of any statements made by any person relating to the occurrence or the condition of the tour bus at any time prior to the occurrence alleged in plaintiffs' complaint? If so, give the name and address of each such witness, the date of the statement, and state whether such statement was written/or oral, and if oral, whether the statement was recorded in any way.

**ANSWER:**

18.    Had you consumed any alcoholic beverage within 12 hours immediately prior to the occurrence? If so, state the names and addresses of those from whom it was obtained, where it was consumed, the particular kind and amount of alcoholic beverage so consumed by you, and the names and current residence addresses of all persons known by you to have knowledge concerning the consumption of alcoholic beverages.

**ANSWER:**

19.    Had you used any drugs or medications within 24 hours immediately prior to the occurrence? If so, state the names and addresses of those from whom it was obtained, where it was used, the particular kind and amount of drug or medication so used by you, and the names and current residence addresses of all persons known by you to have knowledge concerning the use of said drug or medication.

**ANSWER:**

20.    Have you received any payment and/or other consideration from any source in compensation for the injuries or any economic losses alleged in your complaint? If your answer is in the affirmative, state:

(a)    The amount of such payment and/or other consideration received;

(b)    The name of the person, firm, insurance company and/or corporation making such payment or providing other consideration and the reason for the payment and/or other consideration; and

(c)    Whether there are any documents evidencing such payment and/or other consideration received.

**ANSWER:**

21.    List the names and addresses of all other persons (other than yourself and persons heretofore listed) who have knowledge of the facts of the occurrence and/or the injuries and damages claimed to have resulted therefrom.

**ANSWER:**

22.    State whether you have fully recovered from the effects of any injury, illness or disability received as a result of the alleged occurrence. If so, state the date when you were fully recovered. If not, state what continuing problems or complaints remain and with what frequency each is presently experienced.

**ANSWER:**


23.    Did you have a manager, personal agent, publicist and/or other individual who assisted you with bookings, appearances, performances and/or employment opportunities at the time of the occurrence? If so, state the name, address and telephone number of this individual(s).

**ANSWER:**


24.    Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim.

**ANSWER:**

25.    Were you in the course of any educational pursuit or schooling at the time of the occurrence? If so, state the name and address of the educational institution or entity where or through which you were undertaking studies and set forth the dates of any education missed as a result of the injuries you claim in this lawsuit.

**ANSWER:**

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL & VanAUSDAL, LLC


By:    _____
       Michael D. Huber

Michael D. Huber
David J. Farina
Cray Huber Horstman Heil & VanAusdal LLC
Attorneys for Defendant Phillip L. Carter and Jeffco Leasing Co., Inc.
303 West Madison, Suite 2200
Chicago, Illinois 60606
(312) 332-8450

## CERTIFICATION

Pursuant to F.R.C.P. Rule 26, the undersigned certifies that the statements set forth in this instrument are true and correct to the best of her knowledge and belief.

_____
Miranda Cosgrove

2665002BR2   EJW/arm                                                      Firm #36699

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:13-cv-00580-DRH-DGW |
| RODNEY D. MCCLURE, individually and as an agent and/or employee of PIONEER COACH, INC.; PIONEER COACH, INC., a foreign corporation; PHILLIP L. CARTER, individually as an agent and/or employee of JEFFCO LEASING CO., INC.; and JEFFCO LEASING CO., INC., a foreign Corporation. | ) ) ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

## DEFENDANT PHILLIP L. CARTER AND JEFFCO LEASING CO.'S REQUEST FOR PRODUCTION TO PLAINTIFF MIRANDA COSGROVE

You are hereby notified that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are requested to produce on a date and at a time no later than thirty (30) days from the date of service, at the offices of CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC, 303 W. Madison, 22nd Floor, Chicago, Illinois, for inspection and copying the following documents, objects and tangible things, together with any transcripts, reports, memoranda, or recordings purporting to reflect, but not to evaluate the same:

a.    All statements, whether written or oral, signed or unsigned, verbatim or narrative, of a party to any person other than that party's attorney or insurer as to liability and damage issues identified in plaintiff's complaint;

b.    All memorializations of any kind of statements, interviews, or contact with a party by any person other than that party's attorney or insurer, including notes, tape recordings, memoranda, letters, summaries and letters as to liability and damage

issues identified in plaintiffs' complaint;

c.    All statements of any witnesses other than a party, whether written or oral, signed or unsigned, verbatim or narrative, as to liability and damage issues identified in plaintiffs' complaint;

d.    A list of all persons or entities to whom each statement or memorialization of any statements, interviews, or conferences described in paragraphs (a) through (c) above, where given, and who transcribed any such statement;

e.    A list of the names, addresses, and specialties of all expert witnesses (other than non-treating, purely consultant experts who are not to testify at the trial of this cause);

f.    All curriculum vitaes or list of credentials of all expert witnesses described in paragraph (e) above;

g.    All memorializations of any kind which reflect or purport to reflect the expert opinions of any expert witness describe in paragraph (f) above, including, but not limited to, all letters, notes, memoranda, records, recordings, tests, or summaries;

h.    All data as to the physical or mental condition of any plaintiff prior and subsequent to the alleged occurrence, including injuries sustained in other occurrences;

i.    All photographs, slides, drawings, motion pictures, x-rays, CT scan films, or other radiological films taken subsequent to the alleged occurrence;

j.    All paid bills and any other indicia of paid expenses as a result of the occurrence alleged;

k.    All documents relating to expenses incurred, income loss, or any other damages allegedly incurred by you as a result of the occurrence alleged in the complaint;

l.    All contracts, cancellation documents, and other documentation relating to the damages listed in response to defendants' Interrogatories #8, #9 and #10.

m.    Copies of all articles, treatises, books, or other documents which will be used at any deposition or at the trial of this occurrence;

n.    The income tax returns, with W-2 forms, all attachments, and supporting documents of plaintiff MIRANDA COSGROVE for each of the five years preceding this accident and for each of the three years following this accident;

o.    All letters, notes, memoranda, or records of the defendants named in this cause and their employees and agents relating to plaintiff MIRANDA COSGROVE;

2

p.     All statements, whether signed or unsigned, oral or written, summarized or verbatim, of the defendants named in this cause or their employees or agents concerning the allegations of the complaint;

q.     Copies of all contracts for performances, stage or television productions or other entertainment and/or professional activities involving plaintiff MIRANDA COSGROVE, that were in force at the time of the occurrence;

r.     All documents identified in plaintiffs' answers to defendants' interrogatories that are not otherwise responsive to any of the above requests;

s.     All exhibits, including demonstrative exhibits, to be used for any purpose at trial; and

t.     Any statement, deposition, document or object whatsoever that will be used for the impeachment of any witness.

For the purpose of these Requests, the word "party" shall, if an individual, also include members of his/her immediate family, and shall, if a corporation, include its officers, directors, managing agents, and foremen.  These Requests assume that the parties affected will ascertain and allocate amongst themselves the expenses involved in securing and reproducing the items to be produced.  If such is not effectuated amicably, these Requests contemplate further proceedings.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL & VanAUSDAL, LLC

By:     _____
        Michael D. Huber

Michael D. Huber
David J. Farina
Cray Huber Horstman Heil & VanAusdal LLC
Attorneys for Defendant Phillip L. Carter and Jeffco Leasing Co., Inc.
303 West Madison, Suite 2200
Chicago, Illinois 60606
(312) 332-8450

3

2665002BR2                                                          Firm #36699

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:13-cv-00580-DRH-DGW |
| RODNEY D. MCCLURE, individually and as an agent and/or employee of PIONEER COACH, INC.; PIONEER COACH, INC., a foreign corporation; PHILLIP L. CARTER, individually as an agent and/or employee of JEFFCO LEASING CO., INC.; and JEFFCO LEASING CO., INC., a foreign Corporation. | ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) ) ) ) | |

## DEFENDANT PHILLIP L. CARTER AND JEFFCO LEASING CO.'S REQUEST FOR PRODUCTION TO PLAINTIFF CHRISTINA COSGROVE

You are hereby notified that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are requested to produce on a date and at a time no later than thirty (30) days from the date of service, at the offices of CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC, 303 W. Madison, Suite 2200, Chicago, Illinois, for inspection and copying the following documents, objects and tangible things, together with any transcripts, reports, memoranda, or recordings purporting to reflect, but not to evaluate the same:

a.    All statements, whether written or oral, signed or unsigned, verbatim or narrative, of a party to any person other than that party's attorney or insurer as to liability and damage issues identified in plaintiffs' complaint;

b.    All memorializations of any kind of statements, interviews, or contact with a party by any person other than that party's attorney or insurer, including notes, tape recordings, memoranda, letters, summaries and letters as to liability and damage

issues identified in plaintiffs' complaint;

c.     All statements of any witnesses other than a party, whether written or oral, signed or unsigned, verbatim or narrative, as to liability and damage issues identified in plaintiffs' complaint;

d.     A list of all persons or entities to whom each statement or memorialization of any statements, interviews, or conferences described in paragraphs (a) through (c) above, where given, and who transcribed any such statement;

e.     A list of the names, addresses, and specialties of all expert witnesses (other than non-treating, purely consultant experts who are not to testify at the trial of this cause);

f.     All curriculum vitaes or list of credentials of all expert witnesses described in paragraph (e) above;

g.     All memorializations of any kind which reflect or purport to reflect the expert opinions of any expert witness describe in paragraph (f) above, including, but not limited to, all letters, notes, memoranda, records, recordings, tests, or summaries;

h.     All data as to the physical or mental condition of any plaintiff prior and subsequent to the alleged occurrence, including injuries sustained in other occurrences;

i.     All photographs, slides, drawings, motion pictures, x-rays, CT scan films, or other radiological films taken subsequent to the alleged occurrence;

j.     All paid bills and any other indicia of paid expenses as a result of the occurrence alleged;

k.     All documents relating to expenses, income loss, or any other damages allegedly incurred by you as a result of the occurrence alleged in the complaint;

l.     Copies of all articles, treatises, books, or other documents which will be used at any deposition or at the trial of this occurrence;

m.     The income tax returns, with W-2 forms, all attachments, and supporting documents of plaintiff CHRISTINA COSGROVE for each of the five years preceding this accident and for each of the three years following this accident;

n.     All letters, notes, memoranda, or records of the defendants named in this cause and their employees and agents relating to plaintiff CHRISTINA COSGROVE;

o.     All statements, whether signed or unsigned, oral or written, summarized or verbatim, of the defendants named in this cause or their employees or agents concerning the allegations of the complaint;

p.   All documents identified in plaintiffs' answers to defendants' interrogatories that are not otherwise responsive to any of the above requests;

q.   All exhibits, including demonstrative exhibits, to be used for any purpose at trial; and

r.   Any statement, deposition, document or object whatsoever that will be used for the impeachment of any witness.

For the purpose of these Requests, the word "party" shall, if an individual, also include members of his/her immediate family, and shall, if a corporation, include its officers, directors, managing agents, and foremen. These Requests assume that the parties affected will ascertain and allocate amongst themselves the expenses involved in securing and reproducing the items to be produced. If such is not effectuated amicably, these Requests contemplate further proceedings.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL & VanAUSDAL, LLC

By: _____
Michael D. Huber

Michael D. Huber
David J. Farina
Cray Huber Horstman Heil & VanAusdal LLC
Attorneys for Defendant Phillip L. Carter and Jeffco Leasing Co., Inc.
303 West Madison, Suite 2200
Chicago, Illinois 60606
(312) 332-8450

3



# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MIRANDA COSGROVE and CHRISTINA    )
COSGROVE,            )
              )
     Plaintiffs,       )
              )
   v.            )   Case No. 3:13-cv-00580-DRH-DGW
              )
RODNEY D. MCCLURE, Individually    )
And as an agent and/or employee of    )
PIONEER COACH, INC.;       )
PIONEER COACH, INC, a foreign corporation;   )
PHILLIP L. CARTER, Individually as an agent   )
and/or employee of JEFFCO LEASING CO., INC.;   )
and  JEFFCO LEASING CO., INC., a foreign   )
Corporation.           )
              )
     Defendants.       )
              )

## <u>PLAINTIFF MIRANDA COSGROVE'S ANSWERS TO INTERROGATORIES PROPOUNDED BY DEFENDANT PHILLIP L. CARTER AND JEFFCO LEASING CO., INC.</u>

NOW COMES Plaintiff, MIRANDA COSGROVE, by and through her attorneys, POWER

ROGERS & SMITH, P.C., and in response to the Interrogatories propounded by Defendants PHILLIP L.

CARTER, and JEFFCO LEASING CO, INC., states as follows:

   1.    State your full name, as well as your current residence, address, date of birth, marital status, driver's license number and issuing state, and social security number.

   <u>Answer:</u>
     Name:  Miranda Taylor Cosgrove
     Address:  8581 Santa Monica Blvd., West Hollywood, CA 90069
     D.O.B.: 05/14/1993
     Marital Status:  Single
     Driver's License Number: Objection, the requested information is not relevant to the
     present cause of action.  Plaintiff was a passenger at the time of the occurrence in
     question.
     Social Security Number: S.S.#:  Due to privacy concerns, plaintiff will disclose her
     social security number under separate cover.



2.      State the full name and current residence address of each person who witnessed or claims to have witnessed the occurrence that is the subject of this suit (hereinafter referred to simply as the occurrence).

Answer:      Rodney Dwight McClure
1080 S. Main Street
Hendersonville, TN 67075

Phillip Leonard Carter
213 Casalon #3
O Fallon, MO 63366

Daniel F. Swett
4020 Washington Blvd, #410
Arlington, VA 22201

Janine Edwards
8581 Santa Monica Blvd.
West Hollywood, CA 90069

Christina Cosgrove
8581 Santa Monica Blvd.
West Hollywood, CA 90069

Miranda Cosgrove
8581 Santa Monica Blvd.
West Hollywood, CA 90069

Eldon L. Coffey
9060 N. Oak Road
Harrah, OK 73045

Jeyakumar Arumugam
42 Muskox
Toronto, ON M1B6E7

Eva Cala
42 Muskox
Toronto, ON M1B6E7

Jasinth Arumugam (autistic minor)
42 Muskox
Toronto, ON M1B6E7

3.      State the full name and current residence address of each person, not named in Interrogatory No. 2 above, who was present and/or claims to have been present at the scene immediately before, at the time of, and/or immediately after the occurrence.

<u>Answer:</u>      Illinois State Police
Robert Kruse, Officer ID 3810

McDowell's Service
Provided Tow Services for both vehicles
2520 Veterans Ave.
Vandalia, IL 62471

Effingham County Ambulance
107 N. Main Street, PO.O. Box 6066
Effingham, IL 62401

Altamont Ambulance Service
2 South Main, P.O. Box 154
Altamont, IL 62411
        Provided ambulance service to:
            Christina Cosgrove
            Miranda Cosgrove

Fayette County Ambulance
7th Taylor Street
Vandalia IL 62471
        Provided ambulance service to:
            Phillip Leonard Carter
            Eldon L. Coffey
            Jeyakumar Arumugam

4.      Describe the personal injuries sustained by you as a result of the occurrence.

<u>Answer:</u>      I suffered a closed, comminuted, displaced intra-articular fracture of my right distal tibia, which required surgical repair with hardware placement and bone graft, casting, and physical therapy.  Scarring.

5.      With regard to your injuries, state:

(a)    The name and address of each attending physician and/or health care professional;
(b)    The name and address of each consulting physician and/or other health care professional;
(c)    The name and address of each person and/or laboratory taking any X-ray, MRI and/or other radiological tests of you;
(d)    The date or inclusive dates on which each of them rendered you service;

    (e)     The amounts to date of their respective bills for services; and

    (f)     From which of them you have written reports.

<u>Answer:</u>

(a)-(d) **Altamont Ambulance Service**

2 South Main, P.O. Box 154

Altamont, IL 62411

     08/11/11 transport from scene to St. Anthony Memorial Hospital

**St. Anthony Memorial Hospital**

503 North Maple

Effingham, IL 62401

     08/11/11 Emergency Treatment

     David Mooth, M.D.

     Thomas Lang, M.D.

     Esat Memisoglu, M.D., Radiology

**Lakeland Radiologists**

907 W. Lincoln, P.O. Box 770

Charleston, IL 61920

     08/11/11 Radiology services performed at St. Anthony Memorial Hospital

**Crossroads Emer Phys LLP**

P.O. Box 41309, Dept 142

Nashville, IN 37204

     Emergency medical services provided by David Mooth, M.D., at St. Anthony Memorial Hospital

**Cedars-Sinai Medical Center**

P.O. Box 48954

Los Angeles, CA 90048

     08/16/11, 08/19-21/11, 08/30/11, 09/13-30/11, 10/03-31/11, 11/02-30/11, 12/02 – 31/11, 01/04-31/12, 02/03–29/12, 03/09-31/12, 04/06-30/12

     Barry Braiker, M.D.

     Donald A. Wiss, M.D., Surgeon

     Akira Yamamoto, M.D., Assistant for 08/19/11 surgery

     Maxwell, P. Hendrix, M.D., Anesthesiology

     Joseph Robinson, M.D., Radiology

     Joseph Giaconi, M.D., Radiology

     Yvette Honda-Schumacher, PT

     Reshma Kahandal, PT

**General Anesthesia Specialists Partnership**

8700 Beverly Blvd, Ste 8211

Los Angeles, CA 90048

     08/19/11 Anesthesia Services

**Cedars Sinai Imaging Med Grp., P.C.**
P.O. Box 4313
Woodland Hills, CA 91365
     08/19/11, 08/30/11, 10/11/11, 11/29/11 Radiology services provided at Cedars Sinai
     Joseph Robinson, M.D.
     Joseph Giaconi, M.D.

**Cedars-Sinai Physician Billing Service**
     Akira Yamamoto, M.D.

**Mink Rad. Imaging Med. Assoc**
P.O. Box 190
Simi Valley, CA 93062
     Radiology Services Performed at Cedars Sinai on 08/15/11

**Krulac Medical, Inc., DBA STT**
P.O. Box 3531
Redondo Beach, CA 90277
     09/13/11 Air Walker Boot

(e)    Please see Plaintiff's specials summary attached as Exhibit A.

(f)    Plaintiff's counsel is in possession of partial medical records from the following treating facilities:

- Altamont Ambulance Service,
- St. Anthony Memorial Hospital, and
- Cedars Sinai Medical Center.

Investigation continues.

6.    As the result of your personal injuries, were you a patient or outpatient in any hospital and/or clinic? If so, state the names and addresses of all hospitals and/or clinics, the amounts of their respective bills and the date or inclusive dates of their services.

Answer:    Please see Plaintiff's answer to Interrogatory number five (5).

7.    As the result of your personal injuries, were you unable to work? If so, state:

(a)    The name and address of your employer, if any, at the time of the occurrence, your wage and/or salary, and the name of your supervisor and/or foreperson;

Answer:    Yes, I was unable to work.

Miranda Rolls
2255 Foothill Blvd.
La Canada, CA 91011

I am the owner, and employee.   The precise wage and salary loss is undetermined, but it would have been millions of dollars.

(b)     The date or inclusive dates on which you were unable to work;

Answer:     August 11th, 2011, the tour was cancelled with 28 dates still on the calendar and they were adding dates every week.

(c)     The amount of wage and/or income loss claimed by you.

Answer:     Millions of dollars.

(d)     Identify how you calculated this loss claimed; and

Answer:     The loss of concert dates that I was unable to perform due to the injuries I suffered as a result of this occurrence.

(e)     The name and address of your present employer and your wage and/or salary.

Answer:     Miranda Rolls
2255 Foothill Blvd.
La Canada, CA 91011

$60,000.00 per year plus company profits.

8.     State the names, locations, and dates of all professional and entertainment industry events, including but not limited to concerts, performances, shows, television and radio appearances and promotional appearances, that you allege to have missed as a result of the occurrence complained of .

Answer:     Please see attached preliminary spreadsheet.

9.     Itemized and state in detail the amount of net income you claim to have lost from all professional and entertainment industry events, including, but not limited to concerts, performances, shows, television, and radio appearances, and promotional appearances, that you allege to have missed as a result of the occurrence complained of.  In answering this interrogatory, please state the method used in calculating these loss amounts.

Answer:     Neutrogena dropped me after they realized that I would no longer be touring.  This cost me an additional $400,000.00 dollars.  Additionally

- Concerts, 1 million plus;
- Merchandise, $350,000.00 plus;
- I was unable to complete my contract with Hewlett Packard, amount of loss yet to be determined;
- I would have continued to do concerts through 2012, loss yet to be determined.

Investigation continues.

10.   State the name of the entity that receives payment for your appearance at professional and entertainment industry events, including, but not limited to concerts, performances, shows, television and radio appearances, and promotional appearances.

   <u>Answer</u>:   Miranda Rolls.

11.   State any and all other expenses and/or losses you claim as a result of the occurrence. As to each expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amounts are owed, whether the expense and/or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

   <u>Answer</u>:   I paid my mother's salary and car expenses, storage fees for band member, accountant fees, traveling fees, and the band manager fee. Investigation continues.

12.   Had you suffered any personal injury or prolonged, serious and/or chronic illness prior to the date of the occurrence? If so, state when and how you were injured and/or ill, where you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician, or other health care professional, hospital and or clinic rendering you treatment for each injury and/or chronic illness.

   <u>Answer</u>:   No.

13.   Are you claiming any psychiatric, psychological and/or emotional injuries as a result of this occurrence? If so, state:

   (a)   The name and address of each psychiatrist, physician, psychological, and/or emotional injury claimed, and the name and address of each psychiatrist, therapist, or other health care professional rendering you treatment for each injury;

   (b)   Whether you had suffered any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist, or other health care professional rendering you treatment for each injury.

Answer:      No.

14.      Have you suffered any personal injury or prolonged, serious and/or chronic illness since the date of the occurrence?  If so, state when you were injured and/or ill, where and how you were injured and/or ill, where and how you were injured and/or ill, describe the injuries and/or the illness suffered, and state the name and address of each physician or other health care professional, hospital and/or clinic rendering you treatment for each injury and/or chronic illness.

Answer:      No.

15.      Have you ever filed any other lawsuits for your own personal injuries?  If so, state the nature of the injuries claimed, the courts and the captions in which filed, the years filed, and the titles and docket numbers of the suits.

Answer:      No.  However, when plaintiff was approximately 10 years old she was in a car accident and fractured her arm.  The claim was settled without filing suit for $10,000.00.

16.      Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the occurrence complained of occurred, or have you overheard any statements made by any person at any time with regard to the injuries complained of by any plaintiff or the manner in which the occurrence complained of occurred?

Answer:      No.

17.      Do you know of any statements made by any person relating to the occurrence or of the condition of the tour bus at any time prior to the occurrence alleged in Plaintiff's Complaint?  If so, give the name and address of each such witness, the date of the statement, and state whether such statement was written, or oral, and, if oral, whether the statement was recorded in any way.

Answer:      No.

18.      Had you consumed any alcoholic beverage within 12 hours immediately prior to the occurrence?  If so, state the names and addresses of those from whom it was obtained, where it was consumed, the particular kind and amount of alcoholic beverage so consumed by you, and the names and current residence addresses of all persons known by you to have knowledge concerning the consumption of alcoholic beverages.

Answer:      No.

19.      Had you used any drugs or medications within 24 hours immediately prior to the occurrence?  If so, state the names and addresses of those from whom it was obtained, where it was used, the particular kind and amount of drug or medication so used by you, and the names and current residence addresses of all persons known by you to have knowledge concerning the use of said drug or medication.

Answer:       No.

20.    Have you received any payment and/or other consideration from any source in compensation for the injuries alleged in your complaint?  If your answer is in the affirmative, state:

    (a)    The amount of such payment and/or other consideration received;

    (b)    The name of the person, firm, insurance company and/or corporation making such payment or providing other consideration and the reason for the payment and/or other consideration; and

    (c)    Whether there are any documents evidencing such payment and/or other consideration received.

Answer:       No.

21.    List the names and addresses of all other persons (other than yourself and persons heretofore listed) who have knowledge of the facts of the occurrence and/or the injuries and damages claimed to have resulted therefrom.

Answer:       Investigation continues.

22.    State whether you have fully recovered from the effects of any injury, illness or disability received as a result of the alleged occurrence.  If so, state the date when you were fully recovered.  If not, state what continuing problems or complaints remain and with what frequency each is presently experienced.

Answer:       No.  I am still in the process of having my seven (7) inch scar lasered.  I still have pain in my ankle when I run, and have been instructed by my orthopedic surgeon not to run on hard surfaces.

23.    Did you have a manager, personal agent, publicist and/or other individual who assisted you with bookings, appearances, performances and/or employment opportunities at the time of the occurrence?  If so, state the name, address and telephone number of this individual(s).

Answer:       Mark Beaven, manager
              1290 San Ysidro Drive
              Beverly Hills 90210

              Mark Geiger, touring agent
              WME
              9601 Wilshire Blvd.
              Beverly Hills, CA 90210

              Tara Friedlander, publicist
              7060 Hollywood Blvd.
              Los Angeles, CA 90028

David Weise and Associates, accountant
16000 Ventura Blvd.
Encino, CA 91436

24.     Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim.

Answer:     None.

25.     Were you in the course of any educational pursuit or schooling at the time of the occurrence?  If so, state the name and address of the educational institution or entity where or through which you were undertaking studies and set forth the dates of any education missed as a result of the injuries you claim in this lawsuit.

Answer:     No.

## PLAINTIFF'S VERIFICATION

      The undersigned, under penalties as provided by law pursuant to 735 ILCS 5/1-109, certifies that the statements set forth herein are true and correct, except as to matters stated to be on information and belief and, as to such matters, certifies as aforesaid that she verily believes the same to be true.

Dated: _12-7-13_

Miranda Cosgrove

Attorney for Plaintiff:

Devon C. Bruce
POWER ROGERS & SMITH, P.C.
Three First National Plaza
70 W. Madison Street, 55th Floor
Chicago, Illinois 60602
(312) 236-9381
Firm No. 31444

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No.   13-cv-580-DRH-DGW |
| RODNEY D. MCCLURE, individually and as an agent and/or employee of PIONEER COACH, INC.; PIONEER COACH, INC., a foreign corporation; PHILLIP L. CARTER, individually as an agent and/or employee of JEFFCO LEASING CO., INC.; and JEFFCO LEASING CO., INC., a foreign corporation; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF SERVICE OF DISCOVERY DOCUMENTS**

To:    See attached certificate of service

The undersigned, under penalties as provided by law pursuant to 735 ILCS 5/1-109, states that on January 3, 2013, prior to 5:00 pm, the following document was served by depositing it in the U.S. mail at 70 West Madison, Chicago, IL, with proper postage prepaid.

1.    Plaintiff Christina Cosgrove's Responses to Requests to Produce Propounded by Defendant Phillip Carter and Jeffco Leasing Co.
2.    Plaintiff Miranda Cosgrove's Responses to Requests to Produce Propounded by Defendant Phillip Carter and Jeffco Leasing Co.

Devon C. Bruce
_____
Counsel for Plaintiff

Devon C. Bruce
Power, Rogers & Smith
70 West Madison, #5500
Chicago, IL 60602
Tel: 312/236-9381

**SERVICE LIST**

**Co-Counsel for Plaintiffs**
Thomas Q. Keefe, Jr.
Keefe & Keefe, PC
#6 Executive Woods Court
Belleville, IL 62226
Tel: 618/236-2221
Fax: 618/236-2194


**Counsel for Pioneer Coach Inc. And Rodney McClure**
Mary Anne Mellow
Joshua S. Davis
Natalie J. Kussart
Sandberg, Phoenix & von Gontard, PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
Tel: 314/231-3332
Fax: 314/241-7604
mmellow@sandberphoenix.com
jdavis@sandbergphoenix.com
nkussart@sanbergphoenix.com

**Counsel for Jeffco Leasing and Phillip Carter**
Michael Huber
David J. Farina
Eryk J. Wachnick
Cray, Huber, et. al.
303 West Madison Street, #2200
Chicago, IL 60606
Tel: 312/332-8835
Fax: 312/332-8451
djf@crayhuber.com
mdh@crayhuber.com
ejw@crayhuber.com

**Counsel for 3rd Party Def., Four Seasons Coach Leasing, Inc.**
John W. Gilligan, III
James C. Elder
Stellato & Schwartz, Ltd.
425 N. Martingale Road, Ste. 1150
Schaumburg, IL 60173
Tel: 847-330-3700
Fax: 847-300-3700
jgilligan@stellatoschwartz.com
jelder@stellatoschwartz.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:13-cv-00580-DRH-DGW |
| RODNEY D. MCCLURE, Individually And as an agent and/or employee of PIONEER COACH, INC.; PIONEER COACH, INC, a foreign corporation; PHILLIP L. CARTER, Individually as an agent and/or employee of JEFFCO LEASING CO., INC.; and JEFFCO LEASING CO., INC., a foreign Corporation. | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF CHRISTINA COSGROVE'S RESPONSES TO REQUESTS TO PRODUCE PROPOUNDED BY DEFENDANT PHILLIP L. CARTER AND JEFFCO LEASING CO., INC.

NOW COMES Plaintiff, CHRISTINA COSGROVE, by and through her attorneys, POWER, ROGERS & SMITH, P.C., and in response to the Requests to Produce propounded by Defendants PHILLIP L. CARTER, and JEFFCO LEASING CO, INC., states as follows:

A.     All statements, whether written or oral, signed or unsigned, verbatim or narrative, of a party to any person other than that party's attorney or insurer as to liability and damage issues identified in plaintiffs complaint

Response:     None other than those which may be contained within Plaintiff's medical records as related to the occurrence in question. Investigation continues.

B.     All memorialization of any kind of statements, interviews, or contact with any party by any person other than that party's attorney or insurer, including notes, tape recordings, memoranda, letters, summaries and letters as to liability and damage issues identified in plaintiff's complaint.

Response:     None.

C.      All statements of any witnesses other than a party, whether written or oral, signed or unsigned, verbatim or narrative as to liability and damage issues identified in plaintiff's complaint

Response:      None other than those which may be contained within the relevant Illinois Traffic Crash Report.  Investigation continues.

D.      A list of all persons or entities to whom each statement or memorialization of any statements, interviews, or conference described in paragraphs (a) through ( c) above, where given, and who transcribed any such statements

Response:      Please see attached Illinois Traffic Crash Report.

E.      A list of the names, addresses, and specialties of all expert witnesses (other than non-treating, purely consultant experts who are not to testify at the trial of this cause).

Response:      Plaintiff will disclose her retained expert witnesses as ordered by this court.

F.      All curriculum vitaes or list of credentials of all expert witnesses described in paragraph (e) above.

Response:      Plaintiff will disclose her retained expert witnesses as ordered by this court.

G.      All memorializations of any kind which reflect or purport to reflect the expert opinions of any expert witness described in paragraph (f) above, including, but not limited to, all letters, notes, memoranda, records, recordings, tests or summaries.

Response:      Plaintiff will disclose her retained expert witnesses as ordered by this court.

H.      All data as to the physical or mental condition of any plaintiff prior to and subsequent to the alleged occurrence, including injuries sustained in other occurrences.

Response:      In relation to injuries suffered by Plaintiff as a result of the occurrence in question, Plaintiff's counsel is in possession of partial medical records from the following treating facilities:

•Altamont Ambulance Service,
•St. Anthony Memorial Hospital, and

Investigation continues.

I.      All photographs, slides, drawings, motion pictures, x-rays, CT scan films, or other radiological films taken subsequent to the alleged occurrence.

Response:      None at the present time.  Investigation continues.

J.     All paid bills and any other indicia of paid expenses as a result of the occurrence alleged;

Response:     Please see Plaintiff's Specials Summary attached to Plaintiff's Answers to Interrogatories as Exhibit A. Investigation continues.

K.     All documents relating to expenses, income loss, or any other damages allegedly incurred by you as result of the occurrence alleged in the complaint.

Response:     Investigation continues.

L.     Copies of all articles, treatises, books, or other documents which will be used at any deposition or at the trial of this occurrence.

Response:     Undetermined at this time. Investigation continues.

M.     The income tax returns, with W-2 forms, all attachments, and supporting documents of plaintiff CHRISTINA COSGROVE for each of the five years preceding this accident and for each of the three years following this accident

Response:     To be produced under protective order.

N.     All letters, notes, memoranda, or records of the defendants named in this cause and their employees and agents relating to plaintiff CHRISTINA COSGROVE.

Response:     None at the present time.

O.     All statements, whether signed or unsigned, oral or written, summarized or verbatim, of the defendants named in this cause or their employees or agents concerning the allegations of the complaint.

Response:     None other than those which may be contained within the relevant Illinois Traffic Crash Report. Investigation continues.

P.     All documents identified in plaintiff's answers to defendant's interrogatories that are not otherwise responsive to any of the above requests.

Response:     None at the present time. Investigation continues.

Q.     All exhibits, including demonstrative exhibits, to be used for any purpose at trial;

Response:     Undetermined at this time. Investigation continues.

R.     Any statement, deposition, document or object whatsoever that will be used for the impeachment of any witness.

Response:     Undetermined at this time. Investigation continues.

Respectfully Submitted,

*Devon C. Bruce*
Counsel for Plaintiffs

Devon C. Bruce
Power, Rogers & Smith
70 West Madison, #5500
Chicago, IL 60602
Tel: 312/236-9381

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:13-cv-00580-DRH-DGW |
| RODNEY D. MCCLURE, Individually And as an agent and/or employee of PIONEER COACH, INC.; PIONEER COACH, INC, a foreign corporation; PHILLIP L. as an agent and/or employee of JEFFCO LEASING CO., INC.; and JEFFCO LEASING CO., INC., a foreign Corporation. | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFF MIRANDA COSGROVE'S RESPONSES TO REQUESTS TO PRODUCE PROPOUNDED BY DEFENDANT PHILLIP L. CARTER AND JEFFCO LEASING CO., INC.

NOW COMES Plaintiff, MIRANDA COSGROVE, by and through her attorneys, POWER, ROGERS & SMITH, P.C., and in response to the Requests to Produce propounded by Defendants PHILLIP L. CARTER, and JEFFCO LEASING CO, INC., states as follows:

A.      All statements, whether written or oral, signed or unsigned, verbatim or narrative, of a party to any person other than that party's attorney or insurer as to liability and damage issues identified in plaintiffs complaint

Response:      None other than those which may be contained within Plaintiff's medical records as related to the occurrence in question.  Investigation continues.

B.      All memorialization of any kind of statements, interviews, or contact with any party by any person other than that party's attorney or insurer, including notes, tape recordings, memoranda, letters, summaries and letters as to liability and damage issues identified in plaintiff's complaint.

Response:      None.

C.      All statements of any witnesses other than a party, whether written or oral, signed or unsigned, verbatim or narrative as to liability and damage issues identified in plaintiff's complaint

Response:      None other than those which may be contained within the relevant Illinois Traffic Crash Report. Investigation continues.

D.      A list of all persons or entities to whom each statement or memorialization of any statements, interviews, or conference described in paragraphs (a) through ( c) above, where given, and who transcribed any such statements

Response:      Please see attached Illinois Traffic Crash Report.

E.      A list of the names, addresses, and specialties of all expert witnesses (other than non-treating, purely consultant experts who are not to testify at the trial of this cause).

Response:      Plaintiff will disclose her retained expert witnesses as disclosed by the court.

F.      All curriculum vitaes or list of credentials of all expert witnesses described in paragraph (e) above.

Response:      Plaintiff will disclose her retained expert witnesses as disclosed by the court.

G.      All memorializations of any kind which reflect or purport to reflect the expert opinions of any expert witness described in paragraph (f) above, including, but not limited to, all letters, notes, memoranda, records, recordings, tests or summaries.

Response:      Plaintiff will disclose her retained expert witnesses as disclosed by the court.

H.      All data as to the physical or mental condition of any plaintiff prior to and subsequent to the alleged occurrence, including injuries sustained in other occurrences.

Response:      In relation to injuries suffered by Plaintiff as a result of the occurrence in question, Plaintiff's counsel is in possession of partial medical records from the following treating facilities:

>* Altamont Ambulance Service,
>* St. Anthony Memorial Hospital, and
>* Cedars Sinai Medical Center.

Investigation continues.

I.      All photographs, slides, drawings, motion pictures, x-rays, CT scan films, or other radiological films taken subsequent to the alleged occurrence.

Response:      None at this time. Investigation continues.

J.      All paid bills and any other indicia of paid expenses as a result of the occurrence alleged;

Response:      Please see Plaintiff's Specials Summary attached to Plaintiff's Answers to Interrogatories as Exhibit A.  Investigation continues.

K.      All documents relating to expenses, income loss, or any other damages allegedly incurred by you as result of the occurrence alleged in the complaint.

Response:      Investigation continues.

L.      All contracts, cancellation documents and other documentation relating to the damages listed in response to defendant's interrogatories #8, #9 and #10.

Response:      Investigation continues.

M.      Copies of all articles, treatises, books, or other documents which will be used at any deposition or at the trial of this occurrence.

Response:      Undetermined at this time.  Investigation continues.

N.      The income tax returns, with W-2 forms, all attachments, and supporting documents of plaintiff MIRANDA COSGROVE for each of the five years preceding this accident and for each of the three years following this accident

Response:      Will be produced under protective order.

O.      All letters, notes, memoranda, or records of the defendants named in this cause and their employees and agents relating to plaintiff MIRANDA COSGROVE.

Response:      None at the present time.

P.      All statements, whether signed or unsigned, oral or written, summarized or verbatim, of the defendants named in this cause or their employees or agents concerning the allegations of the complaint.

Response:      None other than those which may be contained within the relevant Illinois Traffic Crash Report.  Investigation continues.

Q.      Copies of all contracts for performances, stage or television productions or other entertainment and/or professional activities involving plaintiff MIRANDA COSGROVE that were in force at the time of the occurrence.

Response:

R.      All documents identified in plaintiff's answers to defendant's interrogatories that are not otherwise responsive to any of the above requests.

Response:      None at the present time.  Investigation continues.

S.      All exhibits, including demonstrative exhibits, to be used for any purpose at trial;

Response:      Undetermined at this time.  Investigation continues.

T.      Any statement, deposition, document or object whatsoever that will be used for the impeachment of any witness.

Response:      Undetermined at this time.  Investigation continues.


                                        Respectfully Submitted,


                                        Devon C. Bruce
                                        _____
                                        Counsel for Plaintiffs

Devon C. Bruce
Power, Rogers & Smith
70 West Madison, #5500
Chicago, IL 60602
Tel: 312/236-9381

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MIRANDA COSGROVE and CHRISTINA ) 
COSGROVE, )
 )
Plaintiffs, )
 )
v. ) Case No.   13-cv-DRH-DGW
 )
RODNEY D. MCCLURE, individually )
and as an agent and/or employee of )
PIONEER COACH, INC.; )
PIONEER COACH, INC., a foreign corporation; ) JURY DEMANDED
PHILLIP L. CARTER, individually as an agent )
and/or employee of JEFFCO LEASING CO., INC.; )
and JEFFCO LEASING CO., INC., a foreign )
corporation; )
Defendants. )

### Plaintiff's Rule 26(a)(1) Disclosures

The Plaintiffs, MIRANDA COSGROVE and CHRISTINA COSGROVE, by and

through their attorneys, POWER, ROGERS & SMITH, respectfully submit these Federal

Rule of Civil Procedure 26(a)(1) disclosures.

**(a) Required Disclosures; Methods to Discover Additional Matter.**

> **(A)  The name and, if known, the address and telephone number of
> each individual is likely to have discoverable information that
> the disclosing party may use to supports its claims or defenses,
> unless solely for impeachment, identifying the subjects of the
> information;**

**Response:**

**Miranda Cosgrove**
*Plaintiff*
8508 7th Street
Downey, CA 90241
Tel: (562) 644-8718

Miranda Cosgrove has information about the occurrence on August 11, 2011.   Miranda
Cosgrove also has information regarding her injuries as suffered starting on August 11,
2011 and expenses incurred as a result of those injuries.   Miranda Cosgrove also has
information about other related expenses including lost earnings.

-1-



**Christina Cosgrove**
*Plaintiff and Mother of Miranda Cosgrove*
8508 7th Street
Downey, CA 90241
Tel: (562) 644-8718

Christina Cosgrove has information about the occurrence on August 11, 2011 and injuries she suffered as a result of that occurrence.   Christina Cosgrove also has information about expenses incurred as a result of those injuries.   Christina Cosgrove also has information about other related expenses including lost earnings.

**Rodney E. McClure**
*Defendant*
1080 S. Main Street
Hendersonville, TN 37075
Tel: (615) 860-1690

Rodney McClure was the driver of the Provost bus that collided into the vehicle were Plaintiffs, Miranda Cosgrove and Christina Cosgrove, were passengers at the time of the occurrence.   Rodney McClure has information about the occurrence on August 11, 2011.

**Phillip L. Carter**
*Defendant*
213 Casalon, Unit #3
O Fallon, MO 63366
Tel: (678) 361-3270

Phillip Carter was the driver of the Sterling 827 vehicle carrying Plaintiffs, Miranda Cosgrove and Christina Cosgrove.   Phillip Carter has information about the occurrence on August 11, 2011.

**Leldon Coffey**
*Occurrence Witness*
9060 N. Oak Road
Harrah, OK 73045
Tel: unknown

Leldon Coffey was a motorist on I-70 who witnessed the occurrence.   Leldon Coffey has information about the occurrence on August 11, 2011.   Ledon Coffey also has information about observations he made and/or conversations he had at or around the time of the occurrence.

**Carrie Coffey**
*Occurrence Witness*
9060 N. Oak Road
Harrah, OK 73045
Tel: unknown

Carrie Coffey was a witness to the occurrence.   Carrie Coffey has information about the occurrence on August 11, 2011.   Carrie Coffey has information about observations she made and/or conversations she had at or around the time of the occurrence.

**Daniel F. Swett**
*Occurrence Witness*
4020 W. Washington Blvd, Unit # 410
Arlington, VA 22201
Tel: (917) 709-0409

Daniel Swett was a passenger in the same vehicle where Plaintiffs, Miranda Cosgrove and Christina Cosgrove, were located at the time of the occurrence.   Daniel Swett has information about the occurrence on August 11, 2011.

**Janine Edwards**
*Occurrence Witness*
8581 Santa Monica Blvd,
West Hollywood, CA 90069
Tel: unknown

Janine Edwards was a passenger in the same vehicle where Plaintiffs, Miranda Cosgrove and Christina Cosgrove, were located at the time of the occurrence.   Janine Edwards has information about the occurrence on August 11, 2011.

**Jeyakumar Arumugam**
*Occurrence Witness*
42 Muskox Drive
Ontario, M1B6E7
Tel: (416) 283-0871

Jeyakumar Arumugam was a motorist on I-70 who witnessed the occurrence.   Jeyakumar Arumugam has information about the occurrence on August 11, 2011.

**Illinois State Trooper #3810**
401 Industrial Ave., Suite A
Effingham, IL 62401
Tel: (217) 347-2711

Illinois State Trooper #3810 authored Illinois Traffic Crash Report # 12-11-00770.
Illinois State Trooper #3810 has information about the occurrence on August 11, 2011.
Illinois State Trooper #3810 also has information about the issuance of citation numbers
12-7227163, 7227164, 7227165 and 7227166 to Defendant Phillip Carter.

**Illinois State Trooper #4667**
401 Industrial Ave., Suite A
Effingham, IL 62401
Tel: (217) 347-2711

Illinois State Trooper #4667 authored Illinois Traffic Crash Report # 12-11-00769.
Illinois State Trooper #4667 has information about the occurrence on August 11, 2011.
Illinois State Trooper #4667 also has information about the issuance of citation numbers
CC12-7227163, 7227164, 7227165, 7227166, 7227167, 7227168 to Defendant Phillip
Carter.

**Donald A. Wiss, M.D.**
*Referring Doctor at Cedars Sinai Hospital*
444 S. San Vincent Blvd. #603
Lost Angeles, CA 90048
Tel: (310) 423-4566

Dr. Wiss treated Miranda Cosgrove at Cedars Sinai for injuries sustained as a result of the
August 11, 2011 motor vehicle collision and has information regarding the injuries,
treatment and care of Miranda Cosgrove.

**Maxwell P. Hendrix, M.D.**
*Anesthesiologist at Cedars Sinai Hospital*
141 S. Clark Dr. #306
Los Angeles, CA 90048
Tel: (213) 637-3700

Dr. Hendtix treated Miranda Cosgrove at Cedars Sinai for injuries sustained as a result of
the August 11, 2011 motor vehicle collision and has information regarding the injuries,
treatment and care of Miranda Cosgrove.

**Akira Yamamoto, M.D.**
*Assistant at Cedars Sinai Hospital*
701 E. El Camino Real
Mountain View, California 94040
Tel: (650) 934-7111

Dr. Yamamoto treated Miranda Cosgrove at Cedars Sinai for injuries sustained as a result of the August 11, 2011 motor vehicle collision and has information regarding the injuries, treatment and care of Miranda Cosgrove.

**David Mooth, M.D.**
*Christina Cosgrove's Primary Care Physician at St. Anthony's Hospital*
*Miranda Cosgrove's Attending Physician at St. Anthony's Hospital*
911 Stacy Burk Drive
Flora, IL 62839
Tel: (618) 594-2329

Dr. Mooth treated Miranda Cosgrove for trauma and lower extremity pain due to the August 11, 2011 motor vehicle accident and has information regarding the injuries, treatment and care of Miranda Cosgrove.

Dr. Mooth also treated Christina Cosgrove for trauma due to the August 11, 2011 motor vehicle collision, including headache and hematoma on the left side of the head, and has information regarding the injuries, treatment and care of Christina Cosgrove.

**Yvette Honda-Schumacher, PT**
*Physical Therapist at Cedars-Sinai*
8700 Beverly Boulevard
West Hollywood, CA   90048

Ms. Honda-Schumacher treated Miranda Cosgrove during her visit to Cedars-Sinai for post-operative care of her right ankle pain caused by the August 11, 2011 motor vehicle accident, and has information about the injuries, treatment and care of Miranda Cosgrove.

**Reshma Kahandal, PT**
*Physical Therapist at Cedars-Sinai*
8700 Beverly Boulevard
West Hollywood, CA   90048

Ms. Kahandal treated Miranda Cosgrove during her visit to Cedars-Sinai for post-operative care of her right ankle pain caused by the August 11, 2011 motor vehicle accident, and has information about the injuries, treatment and care of Miranda Cosgrove.

**(B) A copy of, or description by category and location of, all documents, data, compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

<u>Response:</u>

Counsel for Plaintiff has the following documents in their possession:

1. One (1) set of medical/billing records from Altamont Ambulance Service for Christina Cosgrove.
2. One (1) set of medical/billing records from Altamont Ambulance Service for Miranda Cosgrove.
3. One (1) Patient Report Form from St. John's Hospital/MMC EMS System for Christina Cosgrove.
4. One (1) Patient Report Form from St. John's Hopsital /MMC EMS System for Miranda Cosgrove.
5. One (1) set of medical/billing records from St. Anthony's Hospital for Christina Cosgrove.
6. One (1) set of medical/billing records from St. Anthony's Hospital for Miranda Cosgrove.
7. One (1) set of medical/billing records from Crossroads Emergency Physicians, LLP for Christina Cosgrove.
8. One (1) set of medical/billing records from Crossroads Emergency Physicians, LLP for Miranda Cosgrove.
9. One (1) set of medical/billing records from Lakeland Radiologists for Christina Cosgrove.
10. One (1) set of medical/billing records from Lakeland Radiologists for Miranda Cosgrove.
11. One (1) set of payment receipts/health insurance claim forms from Blue Cross Blue Shield for Christina Cosgrove.
12. One (1) set of payment receipts/health insurance claim forms from Blue Cross Blue Shield for Miranda Cosgrove.
13. One (1) set of medical/billing records from Cedars-Sinai Hospital for Miranda Cosgrove.
14. One (1) set of medical/billing records from Mink Radiology Imaging Medical Associates for Miranda Cosgrove.
15. One (1) set of medical/billing records from Krulac Medical, Inc. for Miranda Cosgrove.
16. One (1) set of medical/billing records from General Anesthesia Specialists for Miranda Cosgrove.
17. One (1) Illinois State Police Accident Report for motor vehicle accident occurring on I-70 Post 72 on August 11, 2011 around 4:48 AM.
18. Carrier Registration Information for Pioneer Coach Inc's as of June 21, 2013.

19.    Carrier Registration Information for Jeffco Leasing Company, Inc. as of June 21, 2013.

20.    Any documents produced by Defendants.

**(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;**

**Response:**

Plaintiffs will be seeking damages for medical expenses.   To date, Miranda Cosgrove has accrued medical expenses totaling $ 49,420.36 and Christina Cosgrove has accrued medical expenses totaling $ 7,999.86.   However, this element of damages is incomplete as medical treatment is ongoing.   Plaintiff will continue to tender the bills for medical expenses for Miranda Cosgrove and Christina Cosgrove.   For other elements of damages, these consist of conscious pain and suffering, disability an disfigurement, loss of enjoyment of normal life, lost wages, and the sum of future medical and rehabilitative care. These are presently unliquidated damages and will be determined by the jury in this case.

**(D) For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**Response:**

Not applicable to Plaintiff.

POWER ROGERS & SMITH, P.C.

By: s/Devon C. Bruce _____
                  Devon C. Bruce

Devon C. Bruce
POWER ROGERS & SMITH, P.C.
70 W. Madison St., 55th FL
Chicago, IL 60602
Tel:    312/236-9381
Fax:    312/236-0920

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| MIRANDA COSGROVE and CHRISTINA COSGROVE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.   13-cv-00580 |
| | ) | |
| RODNEY D. MCCLURE, individually and as an agent and/or employee of PIONEER COACH, INC.; | ) | |
| PIONEER COACH, INC., a foreign corporation; | ) | JURY DEMANDED |
| PHILLIP L. CARTER, individually as an agent and/or employee of JEFFCO LEASING CO., INC.; | ) | |
| and JEFFCO LEASING CO., INC., a foreign corporation; | ) | |
| Defendants. | ) | |

**FILED UNDER SEAL**

**Plaintiff's First Amended Rule 26(a)(1) Disclosure**

The Plaintiffs, MIRANDA COSGROVE and CHRISTINA COSGROVE, by and

through their attorneys, POWER, ROGERS & SMITH, respectfully submit these Federal

Rule of Civil Procedure 26(a)(1) disclosures.

> **(i)** **the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

**Response:**

**Tom Cosgrove**
*Father of Miranda Cosgrove/ Wife of Christina Cosgrove*
8508 7th Street
Downey, CA  90241
Tel: (562) 644-8718

(1) The subject matter of Tom Cosgrove's testimony including the following:

A. Tom Cosgrove is expected to testify to his daughter's career in entertainment

1



EXHIBIT

D

including music, film, voiceovers and acting.   He is expected to testify to her numerous accomplishments she has obtained including: television commercials; television programs; School of Rock; Drake & Josh and iCarly.   He is expected to testify to her musical career including her album, Sparks Fly, which debuted and peaked at Number 8 on the U.S. Billboard 200 chart.   He is expected to testify about her title song "Dancing Crazy" at number 40 on the US Billboard Adult Pop songs.

B. Tom Cosgrove is further expected to testify to his observations of his daughter Miranda Cosgrove's pain, disability suffering excellent health before the bus truck collision of August 11, 2011.   He is further expected to testify to the pain, suffering and disability including her inability to perform any work shortly following the bus truck collision.

C. Tom Cosgrove is expected to testify to his knowledge of the organizations of Miranda Cosgrove's various limited liability corporations including Midnight Pearl, Miranda Rolls, Inc. and Miranda Taylor, LLC.   He is expected to testify to Miranda Cosgrove's performance of her Dancing Crazy 2011 Tour and her inability to complete the tour after the bus truck collision as a direct result of injuries.

D. Tom Cosgrove is expected to testify to his knowledge that the tour was adding concerts in addition to those that were originally booked at the onset of the tour. He is expected to testify that Miranda would have continued to perform additional concerts until the end of the year, approximately 35, as well as perform a New Year Eve's concert.

E. Tom Cosgrove is expected to testify that Miranda would have performed another musical tour in 2012 following the filming of the last iCarly season, but was unable to do so because of the abrupt cancellation of her 2011 Dancing Crazy tour.   He is expected to testify that she would have performed at least 30 concerts in the 2012 tour, but she was unable to book this second musical tour due to the injuries she suffered in the bus truck collision.

F. Tom Cosgrove is expected to testify to Miranda's loss of sponsorships during and following the bus truck collision including Sony Music and Neutrogena.   Had the bus truck collision not occurred these companies and others would not have cancelled their contracts and in the case of Neutrogena renewed with Miranda for another year.   The loss of the Sony Music contract and the remaining year of the Neutrogena contact cost Miranda a total of $800,000.00. ($400,000.00 each)   The basis Mr. Cosgrove's damage calculation is the respective contracts accompanying this disclosure.

G. Miranda's medical bills for her injuries suffered in this occurrence total approximately $184,490.16 and they were paid.

2

(ii)    The documents that Tom Cosgrove relied upon include the Sony Entertainment Contract and Neutrogena Contract (attached)

(iii)    Computation of Miranda Cosgrove's economic damages by Tom Cosgrove

Tom Cosgrove is expected to testify and opine that the categories of economic damages that Miranda Cosgrove sustained as a direct result of the bus truck collision along with his calculation of damages is as follows:

1. The ticket and merchandise revenue of the 25 booked concerts in the 2011 tour (at approximately $30,000.00 per concert less expenses plus merchandise revenue of approximately $16,000 per concert) for a total of approximately $400,000.00;

2. The ticket and merchandise revenue of the concerts that would have been added, approximately 35 concerts, for the remaining portion of the 2011 tour; (as approximately $16,000.00 per concert net return for a total of $560,000.00)

3. The loss of sponsorship revenue profit including the loss of Sony Music contract and Neutrogena; (at $400,000.00 each for a total of $800,000.00)

4. The loss of ticket and merchandise revenue from a 2012 tour of at least 30 concerts. (at $20,000.00 per concert net payment of $600,000.00)

5. Miranda's medical bills for her injuries suffered in this occurrence total approximately $184,490.16

      Total Loss of $2,544,490.10

**Charles Harker**
Charles Harker & Company, CPA
1150 Foothill Blvd
La Canada Fltrdg, CA 91011
(818) 790-9205

(i)    Mr. Harker is a licensed certified accountant.   He is one of the accountants that works for Miranda Cosgrove and her various limited liability corporations.   The subject matter of Mr. Harker's testimony includes the following:

A. Mr. Harker is expected to testify to the general structure and purpose of Miranda Cosgrove's limited liability corporations including the fact that a loss of income to the corporations is a loss of income to Miranda Cosgrove.

B. Mr. Harker is expected to testify based upon a reasonable degree of accounting

3

certainty to the loss of income to Miranda Cosgrove arising out of her inability to complete the Dancing Crazy 2011 concert tour concerts which were already booked. Specifically, Mr. Harker is expected to opine that due to her inability to perform an additional 25 concerts her net profit lost was between $396,550.00 and $549,600.00. Mr. Harker calculates the lower number by considering the actual revenue versus expenses on the concerts she had already performed as of the date of the collision and applying those numbers to the remaining 25 concerts. Mr. Harker calculates the higher number of $549,600.00 as the comparison of the budget of the concert tour applied to the remaining 25 booked concerts. A more specific calculation performed by Mr. Harker is set forth in the attached cover letter as Exhibit A.

C. Mr. Harker is further expected to testify that based upon his calculation of the concerts that Miranda had performed, she lost a net profit of approximately $15,800.00 per concert. Accepting as true that Miranda would have performed an additional 35 concerts after those contracts she had already booked, she lost an additional $560,000.00 in net profit. A more specific description of this calculation is set forth in the attached cover letter.

D. Mr. Harker is further expected to testify that accepting that Sony Music would not have exercised the "buy out" clause and cancelled her contract but for the injuries she suffered in the bus truck collision, that the bus truck collision cost Miranda Cosgrove an additional $400,000.00 due to the loss of this Sony music contract.

E. Mr. Harker is further expected to testify that accepting that Neutrogena would have continued the sponsorship and renewed the existing contract they had with Miranda for another year, but for the injuries she suffered in the bus truck collision, Miranda Cosgrove lost an additional $400,000.00 due to this non-renewal.

(ii)     The documents that Mr. Harker relied upon in performing his calculations include:

    a.   Deal Memos and contracts between Miranda Rolls, Inc. and the specified buyer for concerts from July 15th, 2011 through October 23, 2011.

    b.   Deal contract between Midnight Pearl, Inc. and Sony Music dated March 4, 2008 and termination agreement dated February 22, 2012

    c.   Deal agreement between Miranda Taylor, LLC and Neutrogena Corporation dated December 16, 2009.

    d.   Budget vs. Actual analysis of Miranda Cosgrove's Summer Tour from July 15 through September 6, 2011 as prepared by David Weiss and Associates, Inc.

4

e.  Relevant portions of Miranda Cosgrove's 2008 through 2012 Federal Income tax returns.

f.  Relevant portions of Miranda Rolls Inc's 2010, 2011 and 2012 Federal Income tax returns.

g.  Revenue and Expense Budgets ("Budgets") for the following cancelled concerts:

    a.  September 16 and 17, 2011 concerts in Henderson, Nevada and Pomona, California;

    b.  October 9, 2011 concert in Panama City, Florida;

    c.  October 15, 2011 concert in Fresno, California; and

    d.  October 22 and 22, 2011 concerts in Rio Rancho; New Mexico and Phoenix, Arizona.

(iii)  Computation of Miranda Cosgrove's economic damages by Charles Harker

Mr. Harker's computation of Miranda Cosgrove's economic damages is generally set forth as follows:

a.  Amount of lost income due to 25 booked concerts is a range of $396,550.00 to $549,600.00;

b.  Amount of lost income on 35 addition concerts in 2011 tour yet to be booked; $560,000.00;

c.  Lost income from Neutrogena not renewing its contract for the last year- $400,000.00;

d.  Lost income from Sony Music contract- $400,000.00.

Total lost economic income of the aforesaid factors based upon a reasonable degree of accounting certainty between approximately $1,756,550.00 and $1,909,600.00.

A more specific detailed analysis of his calculations is set forth in the attached cover letter as Exhibit A.

**Marc Geiger**
WME Entertainment
9601 Wilshire Boulevard
Beverly Hills, CA   90210

(i)   Marc Geiger is a professional, world renowned booking agent and the booking agent of Miranda Cosgrove's 2011 Dancing Crazy musical tour.   Mr. Geiger is expected to testify regarding the following subject matter:

A. Mr. Geiger is expected to testify that he was the booking agent for the 2011 Dancing Crazy Tour.

B. Mr. Geiger is further expected to testify that at the time of the bus truck collision there were 25 booked concerts on the tour.

C. Mr. Geiger will testify that it is the custom and practice in the music industry to add additional concerts while the tour is ongoing.   That additional concerts were being added on a continual basis to Miranda Cosgrove's 2011 Dancing Crazy Tour.   He is expected to testify that he was directly involved in booking and arranging for these additional concerts and he has direct, first-hand knowledge that this occurred.

D. Based upon the frequency of Miranda's concert dates as of the date of the collision (5-6 per week), it is Mr. Geiger's opinion that she would have booked and performed at least an additional 35 concerts between the end of October and the end of the 2011 calendar year.   The concert venues were providing her guaranteed gross revenue of August 21, 2011 income of at least $30,000.00 per concert plus merchandise revenue.   She would have also booked a New Year's Eve concert for a lump sum of $150,000.00.   Mr. Geiger is further expected to testify that the concert was gaining momentum and become more popular.   See Mr. Geiger's letter attached as Exhibit B.

E. Had the bus truck collision not occurred, it is further Mr. Geiger's opinion that the Miranda Cosgrove would have performed another 2012 musical concert tour with at least 30 plus concerts.

(ii)   The documents which Mr. Geiger relies upon are the contracts of the 2011 Dancing Crazy tour include:

| | |
|---|---|
| 8/12/11 | Park City, Kansas |
| 8/13/11 | Denver, CO- Elitch Gardens |
| 8/14/11 | Beaver Creek, CO- Vilar Performing Arts Center |
| 8/16/11 | Eagle, ID- Eagle River Pavilion |
| 8/18/11 | Portland, OR- Oregon Zoo Amphitheater |
| 8/19/11 | Kenwick, WA- Columbia River Park |
| 8/20/11 | Tacoma, WA- Pantages Theater |

6

| | |
|---|---|
| 8/21/11 | Vancouver, BC- Pacitical National Exhibition |
| 8/24/11 | Reno, NV- Grand Sierra Resort, Grand Theater |
| 8/26/11 | Davis, CA- Jackson Hall Mondavi Center |
| 8/27/11 | Oakland, CA- Fox Theater |
| 8/31/11 | Alpharetta, GA- Verizon Wireless Amphitheater at Encore Park |
| 9/2/11 | St. Augustine, FL- St. Augustine Amphitheater |
| 9/3/11 | St. Petersburg, FL- Tropicana Field |
| 9/4/11 | Valdosta, GA- Wild Adventure Theme Park |
| 9/5/11 | Boca Raton, FL- Mizner Park |
| 9/16/11 | Henderson, NV |
| 9/17/11 | Pamona, CA- LA County Fairground |
| 10/1-2/11 | Rio de Janeiro and San Paulo, Brazil |
| 10/5/11 | Santiago, Chile |
| 10/9/11 | Panama City Beach, FL- Boardwalk Beach Resort |
| 10/15/11 | Fresno, CA- Paul Paul Theater |
| 10/22/11 | Rio Rancho, NM |
| 10/23/11 | Phoenix, AZ- Arizona State Fair |

(iii)   The computation of the losses to Miranda Cosgrove of those concerts which would have occurred between the end of October and December is set forth above and also on the attached letter from Mr. Geiger.

The calculation of the lost revenue to Miranda Cosgrove for the 35 concerts that were yet to be booked but would have been performed in 2011 and the New Year's Eve concert would be calculated as follows:

35 concerts x $30,000.00 plus $150,000.00 =$1,400,000.00 gross revenue

**Gene Salomon**
Gang, Tyre, Ramer & Brown
132 S Rodeo Dr, Beverly Hills, CA 90212
(310) 777-4800

(i)   Mr. Salomon is a nationally recognized attorney specializing in the representation of musicians and entertainers. Mr. Salomon has represented Miranda Cosgrove for a number of years. The subject matter of Mr. Salomon's testimony is expected to be as follows:

A. Miranda Cosgrove had a written contract with Sony Music that she entered into prior to the collision. The Sony Music contract provided that Miranda Cosgrove would be paid $450,000.00 for services rendered plus additional monies dependent upon record sales. Following the bus truck collision at issue, Sony Music cancelled the contract and exercised its buy out clause paying Miranda $50,000.00. As a result of the exercise of the buy out clause by Sony Music, Miranda Cosgrove lost at least $400,000.00.

7

(ii)     The documents that Mr. Salomon relies upon are the contracts entered into between Miranda Cosgrove and Sony Music.

**Miranda Cosgrove**
*Plaintiff*
8508 7th Street
Downey, CA 90241
Tel: (562) 644-8718

(i)     Miranda Cosgrove is expected to testify to the following subject matters:

A.  Miranda Cosgrove is expected to testify regarding her entertainment career including acting, musical and voice overs.  At the age of three, she began modeling and appeared in commercials for McDonald's and Mello Yello.  She has appeared in numerous television programs including School of Rock; Smallville; Drake & Josh; What's New Scooby Doo; Here Comes Peter Cottontail and multiple Nickelodeon shows.  She is expected to testify to her love of music; her voice and singing lessons; concerts performed and albums produced.

She is further expected to testify to her non-profit charitable activities which are a part of her career including frequently visiting ill children in children's hospitals throughout the United States.

B.  Miranda Cosgrove is expected to testify as to her excellent health prior to the bus truck collision and her injuries following the collision.  Ms. Cosgrove is expected to testify that she was completely unable to complete her Dancing Crazy 2012 tour after the bus truck collision due to her injuries.

C.  Miranda Cosgrove is expected to testify that she had numerous concerts booked at the time of the bus-truck collision which she would have performed absent the bus truck collision.

D.  Miranda Cosgrove is expected to testify that it was her intention and that she would have performed and earned the revenue of an additional 35 or more concerts which had yet to be booked from the end of October 2011 until December 2011.  She is expected to testify that the tour was adding concerts onto what was originally planned at the inception of the tour.

E.  Miranda Cosgrove is expected to testify that it was her intention to perform a musical concert tour in 2012 after filming the last I-Carly Show absent the bus truck collision.  She is expected to testify that she was unable to perform the musical tour due to the loss of her momentum in cancelling the 2011 tour, the depreciation of interest in her fan base and the loss of her Sony Music contract which all occurred due to the injuries she suffered in the bus truck collision.

F.  Miranda Cosgrove is expected to testify that she lost the Sony Music contract ($400,000.00) and the last year of her Neutrogena contract was not renewed

($400,000.00) due to the injuries she sustained in the bus truck collision.

(ii)     The documents Miranda Cosgrove relies upon include her Sony contract and her Neutrogena contract.

**Dr. Donald Wiss**
*Orthopedic Surgeon at Cedars Sinai Hospital*
444 S. San Vincent Blvd. #603
Lost Angeles, CA 90048
Tel: (310) 423-4566

(i)     Dr. Wiss, a board certified orthopedic surgeon and the Director of Orthopedic Trauma at Cedars-Sinai Hospital is expected to testify to the injuries suffered by Miranda Cosgrove in the bus truck collision.   Dr. Wiss is expected to testify to the following based upon a reasonable degree of medical certainty:

A. Miranda suffered a right tibia fracture requiring an open reduction internal fixation surgery.

B. That he performed the aforesaid surgery on August 19, 2011 at Cedars-Sinai Hospital in Los Angeles, CA.

C. That following the surgery Miranda Cosgrove was at all times compliant with her care and treatment.

D. That Miranda Cosgrove sustained permanent scarring injuries as a direct result of the surgery of August 19, 2011 which was necessitated by the injuries she sustained in the bus truck collision.

E. Dr. Wiss will opine that it was medically necessary for her to have a second surgery which he performed on December 18, 2012 to remove the plate and screws he previously implanted in Miranda Cosgrove's right lower extremity.

F. That the injuries Miranda Cosgrove sustained in the bus truck collision caused her pain and prevented her from completing her 2011 Dancing Crazy Tour.   Dr. Wiss will opine that she was unable to return to work full-time until January, 2012.

G. Dr. Wiss is expected to testify as of Miranda Cosgrove's last visit of June 3, 2014, she continued to suffer from a swelling in her right ankle and pain with certain activity which are caused by the injuries she sustained in the bus truck collision

H. That the care and treatment, along with his corresponding charges, are all reasonable and necessary.

(ii)     The documents Dr. Wiss will rely upon for his opinions are his medical chart concerning Miranda Cosgrove.

**Dr. Rhonda Rand, MD**
436 N Roxbury Dr
Beverly Hills, CA 90210

(i)    Dr. Rand is expected to testify that she is a licensed practicing physician in the state of California practicing in the field of dermatology. Dr. Rand has treated Miranda Cosgrove for the injuries she has suffered as a result of the surgery performed by Dr. Wiss. Specifically Dr. Rand has treated and provided multiple laser treatments to Miranda for the scars in her right lower extremity. She is expected to testify that the treatment she has provided Miranda for her scars is reasonable and necessary. She is further expected to opine that the scarring that Miranda has sustained to her lower right extremity from the surgeries she has undergone are permanent in nature.

(ii)    The documents Dr. Rand will rely upon for her opinions are located in her medical chart concerning Miranda Cosgrove.

**Christina Cosgrove**
*Plaintiff and Mother of Miranda Cosgrove*
8508 7th Street
Downey, CA 90241
Tel: (562) 644-8718

Christina Cosgrove has information about the occurrence on August 11, 2011 and injuries she suffered as a result of that occurrence. Christina Cosgrove also has information about expenses incurred as a result of those injuries. Christina Cosgrove also has information about other related expenses including lost earnings.

**Rodney E. McClure**
*Defendant*
1080 S. Main Street
Hendersonville, TN 37075
Tel: (615) 860-1690

Rodney McClure was the driver of the Provost bus that collided into the vehicle. Plaintiffs, Miranda Cosgrove and Christina Cosgrove, were passengers at the time of the occurrence. Rodney McClure has information about the occurrence on August 11, 2011.

**Phillip L. Carter**
*Defendant*
213 Casalon, Unit #3
O Fallon, MO 63366
Tel: (678) 361-3270

Phillip Carter was the driver of the overturned tractor-trailer that was involved in the occurrence. Phillip Carter has information about the occurrence on August 11, 2011.

**Leldon Coffey**
*Occurrence Witness*
9060 N. Oak Road
Harrah, OK 73045
Tel: unknown

Leldon Coffey was a motorist on I-70 who witnessed the occurrence.  Leldon Coffey has information about the occurrence on August 11, 2011.  Ledon Coffey also has information about observations he made and/or conversations he had at or around the time of the occurrence.

**Carrie Coffey**
*Occurrence Witness*
9060 N. Oak Road
Harrah, OK 73045
Tel: unknown

Carrie Coffey was a witness to the occurrence.  Carrie Coffey has information about the occurrence on August 11, 2011.  Carrie Coffey has information about observations she made and/or conversations she had at or around the time of the occurrence.

**Daniel F. Swett**
*Occurrence Witness*
4020 W. Washington Blvd, Unit # 410
Arlington, VA 22201
Tel: (917) 709-0409

Daniel Swett was a passenger in the same vehicle where Plaintiffs, Miranda Cosgrove and Christina Cosgrove, were located at the time of the occurrence.  Daniel Swett has information about the occurrence on August 11, 2011.

**Nina Munden**
*Friend of Miranda Cosgrove*
Address 9339 Orizaba Avenue
Downey California
90240

Ms Munden is expected to testify to Miranda's general health activities before the bus truck collision.  She is further expected to testify to the affect Miranda's injuries had on her after the bus truck collision including her inability to work and perform various activities of daily living.

**Janine Edwards**
*Occurrence Witness*
8581 Santa Monica Blvd,
West Hollywood, CA 90069
Tel: unknown

11

Janine Edwards was a passenger in the same vehicle where Plaintiffs, Miranda Cosgrove and Christina Cosgrove, were located at the time of the occurrence.   Janine Edwards has information about the occurrence on August 11, 2011.

**Jeyakumar Arumugam**
*Occurrence Witness*
42 Muskox Drive
Ontario, M1B6E7
Tel: (416) 283-0871

Jeyakumar Arumugam was a motorist on I-70 who witnessed the occurrence. Jeyakumar Arumugam has information about the occurrence on August 11, 2011.

**Illinois State Trooper #3810**

401 Industrial Ave., Suite A

Effingham, IL 62401
Tel: (217) 347-2711

Illinois State Trooper #3810 authored Illinois Traffic Crash Report # 12-11-00770. Illinois State Trooper #3810 has information about the occurrence on August 11, 2011. Illinois State Trooper #3810 also has information about the issuance of citation numbers 12-7227163, 7227164, 7227165 and 7227166 to Defendant Phillip Carter.

**Illinois State Trooper #4667**
401 Industrial Ave., Suite A
Effingham, IL 62401
Tel: (217) 347-2711

Illinois State Trooper #4667 authored Illinois Traffic Crash Report # 12-11-00769. Illinois State Trooper #4667 has information about the occurrence on August 11, 2011. Illinois State Trooper #4667 also has information about the issuance of citation numbers CC12-7227163, 7227164, 7227165, 7227166, 7227167, 7227168 to Defendant Phillip Carter.

**Maxwell P. Hendrix, M.D.**
*Anesthesiologist at Cedars Sinai Hospital*
141 S. Clark Dr. #306
Los Angeles, CA 90048
Tel: (213) 637-3700

Dr. Hendtix treated Miranda Cosgrove at Cedars Sinai for injuries sustained as a result of the August 11, 2011 motor vehicle collision and has information regarding the injuries, treatment and care of Miranda Cosgrove.

**Akira Yamamoto, M.D.**

*Assistant at Cedars Sinai Hospital*

701 E. El Camino Real
Mountain View, California 94040
Tel: (650) 934-7111

Dr. Yamamoto treated Miranda Cosgrove at Cedars Sinai for injuries sustained as a result of the August 11, 2011 motor vehicle collision and has information regarding the injuries, treatment and care of Miranda Cosgrove.

**David Mooth, M.D.**
*Christina Cosgrove's Primary Care Physician at St. Anthony's Hospital*
*Miranda Cosgrove's Attending Physician at St. Anthony's Hospital*
911 Stacy Burk Drive
Flora, IL 62839
Tel: (618) 594-2329

Dr. Mooth treated Miranda Cosgrove for trauma and lower extremity pain due to the August 11, 2011 motor vehicle accident and has information regarding the injuries, treatment and care of Miranda Cosgrove.

Dr. Mooth also treated Christina Cosgrove for trauma due to the August 11, 2011 motor vehicle collision, including headache and hematoma on the left side of the head, and has information regarding the injuries, treatment and care of Christina Cosgrove.

**Yvette Honda-Schumacher, PT**
*Physical Therapist at Cedars-Sinai*
8700 Beverly Boulevard
West Hollywood, CA   90048

Ms. Honda-Schumacher treated Miranda Cosgrove during her visit to Cedars-Sinai for post-operative care of her right ankle pain caused by the August 11, 2011 motor vehicle accident, and has information about the injuries, treatment and care of Miranda Cosgrove.

**Reshma Kahandal, PT**
*Physical Therapist at Cedars-Sinai*
8700 Beverly Boulevard
West Hollywood, CA   90048

Ms. Kahandal treated Miranda Cosgrove during her visit to Cedars-Sinai for post-operative care of her right ankle pain caused by the August 11, 2011 motor vehicle accident, and has information about the injuries, treatment and care of Miranda Cosgrove.

13

(a) **A copy of, or description by category and location of, all documents, data, compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

**Response:**

Counsel for Plaintiff has the following documents in their possession:

1. One (1) set of medical/billing records from Altamont Ambulance Service for Christina Cosgrove.
2. One (1) set of medical/billing records from Altamont Ambulance Service for Miranda Cosgrove.
3. One (1) Patient Report Form from St. John's Hospital/MMC EMS System for Christina Cosgrove.
4. One (1) Patient Report Form from St. John's Hopsital /MMC EMS System for Miranda Cosgrove.
5. One (1) set of medical/billing records from St. Anthony's Hospital for Christina Cosgrove.
6. One (1) set of medical/billing records from St. Anthony's Hospital for Miranda Cosgrove.
7. One (1) set of medical/billing records from Crossroads Emergency Physicians, LLP for Christina Cosgrove.
8. One (1) set of medical/billing records from Crossroads Emergency Physicians, LLP for Miranda Cosgrove.
9. One (1) set of medical/billing records from Lakeland Radiologists for Christina Cosgrove.
10. One (1) set of medical/billing records from Lakeland Radiologists for Miranda Cosgrove.
11. One (1) set of payment receipts/health insurance claim forms from Blue Cross Blue Shield for Christina Cosgrove.
12. One (1) set of payment receipts/health insurance claim forms from Blue Cross Blue Shield for Miranda Cosgrove.
13. One (1) set of medical/billing records from Cedars-Sinai Hospital for Miranda Cosgrove.
14. One (1) set of medical/billing records from Mink Radiology Imaging Medical Associates for Miranda Cosgrove.
15. One (1) set of medical/billing records from Krulac Medical, Inc. for Miranda Cosgrove.
16. One (1) set of medical/billing records from General Anesthesia Specialists for Miranda Cosgrove.
17. One (1) Illinois State Police Accident Report for motor vehicle accident occurring on I-70 Post 72 on August 11, 2011 around 4:48 AM.
18. Carrier Registration Information for Pioneer Coach Inc's as of June 21, 2013.
19. Carrier Registration Information for Jeffco Leasing Company, Inc. as of June 21, 2013.

20.    Any documents produced by Defendants.

> **(A) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;**

**Response:**

Plaintiffs will be seeking damages for medical expenses.   To date, Miranda Cosgrove has accrued medical expenses totaling $184,490.16 and Christina Cosgrove has accrued medical expenses totaling $ 7,999.86.   However, this element of damages is incomplete as medical treatment is ongoing.   Plaintiff will continue to tender the bills for medical expenses for Miranda Cosgrove and Christina Cosgrove.   For other elements of damages, these consist of conscious pain and suffering, disability an disfigurement, loss of enjoyment of normal life, lost wages, and the sum of future medical and rehabilitative care.   These are presently unliquidated damages and will be determined by the jury in this case.

> **(B) For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**Response:**

Not applicable to Plaintiff.

POWER ROGERS & SMITH, P.C.

By: s/Devon C. Bruce
        Devon C. Bruce

Joseph A. Power, Jr.
Devon C. Bruce
POWER ROGERS & SMITH, P.C.
70 W. Madison St., 55th FL
Chicago, IL 60602
Tel:   312/236-9381
Fax:   312/236-0920

Tom Q. Keefe, Jr.
Thomas Q. Keefe, Jr., PC
Six Executive Woods Court
Swansea, IL   61951
Tel: 618/236-2221

**CHARLES HARKER & COMPANY**
CERTIFIED PUBLIC ACCOUNTANT
1150 FOOTHILL BLVD., SUITE D
LA CAÑADA, CALIFORNIA 91011-3248

MEMBER OF
AMERICAN INSTITUTE OF
CERTIFIED PUBLIC ACCOUNTANTS
CALIFORNIA SOCIETY OF
CERTIFIED PUBLIC ACCOUNTANTS

AREA CODE 818
TELEPHONE 780-6205
FAX 780-8284
E-MAIL: charles@harkercocpa.com
WEB: harkercocpa.com

June 20, 2014

Devon Bruce, Esquire
Power, Rogers & Smith, P.C.
Three First National Plaza
70 West Madison Street, 55th Floor
Chicago, IL  60602

Re: Miranda Cosgrove

Dear Mr. Bruce:

Pursuant to your request, I have made a preliminary analysis of
the estimated loss of revenue of Miranda Cosgrove due to the
August 11, 2011 tour bus accident as follows:

I.    Cancelled Concert Tour Lost Revenue (for the 25 booked
concerts that were in effect at the time of the collision) -

        Based Upon Actual results for 20 concerts     $396,550

        Based Upon Budget for 25 cancelled concerts  $549,600

Please see the attached schedules which document how I calculated
the above amounts.

II.   Neutrogena Corporation -

        Accepting as true that the bus collision caused
Neutrogena Corporation to not exercise its 4th year option for
Miranda to continue as its Brand Ambassador, Miranda Cosgrove
lost an additional $400,000 in revenue.

III.  Sony Music -

        Accepting as true that the bus collision caused Sony
Music to not fulfill its Recording Commitment for a second album,
Miranda Cosgrove lost an additional $400,000.

The documents which were relied upon in preparing my analysis
include:

A.  Deal memos and contracts between Miranda Rolls Inc. and the
specified buyers for the concerts from July 15 through
October 23, 2011.



Mr. Devon Bruce
June 20, 2014
Page 2

B.  Deal contract between Midnight Pearl Inc. and Sony Music dated March 4, 2008 and termination agreement dated February 22, 2012.

C.  Deal agreement between Miranda Taylor LLC and Neutrogena Corporation dated December 16, 2009.

D.  Budget vs. Actual analysis of Miranda Cosgrove's Summer Tour from July 15 through September 6, 2011 as prepared by David Weise and Associates, Inc.

E.  Relevant portions of Miranda Cosgrove's 2008 through 2012 Federal income tax returns.

F.  Relevant portions of Miranda Rolls Inc.'s 2010, 2011 and 2012 Federal income tax returns.

G.  Revenue and Expense Budgets ("Budgets") for the following cancelled concerts:

    1.  September 16 and 17, 2011 concerts in Henderson, Nevada and Pomona, California;
    2.  October 9, 2011 concert in Panama City, Florida;
    3.  October 15, 2011 concert in Fresno, California; and,
    4.  October 22 and 23, 2011 concerts in Rio Rancho, New Mexico and Phoenix, Arizona.

Please contact me if you would to discuss this further.

Sincerely,

Charles M. Harker

Enclosures


m:\wpdat\mirandaanalysis.811

**2011 Summer Concert Series**
**Analysis of Lost Income due to 8/11/11 Accident**
**(Data per Weise CPA Budget vs Actual)**
Summary - Estimated Lost Concert and Merchandise Income
Schedule 1

|  | 25 Booked Concerts Based On Actual | Based Upon Budget | 35 Anticipated Concerts Based on Actual |
|---|---|---|---|
| Concert Net Income per show - Schedule 3 | 8,801 | 14,923 | 8,801 |
| Merchandise Income per show - Schedule 4 | 7,061 | 7,061 | 7,061 |
| Total Lost Income per show | 15,862 | 21,984 | 15,862 |
| Number of shows | 25 | 25 | 35 |
| Estimated Lost Income | 396,550 | 549,600 | 555,170 |

**2011 Summer Concert Series**
**Analysis of Lost Income due to 8/11/11 Accident**
**Schedule 2**

| Concert Date | Location | Guaranteed Compensation | Comments |
|---|---|---|---|
| **Pre-Accident** | | | |
| 7/15/2011 | Columbus, OH | 40,000 | |
| 7/16/2011 | Darien, NY | 60,000 | |
| 7/17/2011 | Hershey, PA | 65,000 | |
| 7/19/2011 | Gilford, NH | 60,000 | |
| 7/21/2011 | Wantagh, NY | 60,000 | |
| 7/22/2011 | Philadelphia, PA | 50,000 | |
| 7/23/2011 | Holmdel, NJ | 60,000 | |
| 7/25/2011 | Vienna, VA | 40,000 | |
| 7/26/2011 | Erie, PA | 35,000 | |
| 7/27/2011 | Harrington, DE | 75,000 | |
| 7/29/2011 | Poughkeepsie, NY | 40,000 | |
| 07/30/2011 & 7/31/2011 | Williamsburg, VA | 150,000 | |
| 8/2/2011 | Agawam, MA | 38,000 | |
| 8/3/2011 | Cohasset, MA | 35,000 | |
| 8/4/2011 | Hyannis, MA | 35,000 | |
| 8/6/2011 | Binghamton, NY | 40,000 | |
| 8/7/2011 | Bethlehem, PA | 85,000 | |
| 8/9/2011 | Gurnee, IL | 40,000 | |
| 8/10/2011 | Kettering, OH | 50,000 | |
| 8/11/2011 | Subtotal (accident) | 1,058,000 | 20 concerts before accident |
| **Post-Accident** | | | |
| 8/12/2011 | Wichita, KS | 45,000 | |
| 8/13/2011 | Denver, CO | 75,000 | |
| 8/14/2011 | Beaver Creek, CO | 40,000 | |
| 8/16/2011 | Eagle, ID | 25,000 | |
| 8/18/2011 | Portland, OR | 43,000 | |
| 8/19/2011 | Kennewick, WA | 30,000 | |
| 8/20/2011 | Tacoma, WA | 38,500 | |
| 8/21/2011 | Vancouver, BC | 100,000 | |
| 8/24/2011 | Reno, NV | 30,000 | |
| 8/26/2011 | Davis, CA | 30,000 | |
| 8/27/2011 | Oakland, CA | 30,000 | |
| 8/31/2011 | Alpharetta, GA | 40,000 | |
| 9/2/2011 | St. Augustine, FL | 40,000 | |
| 9/3/2011 | St. Petersburg, FL | 80,000 | |
| 9/4/2011 | Valdosta, GA | 40,000 | |
| 9/5/2011 | Boca Raton, FL | 32,000 | |
| 9/16/2011 | Henderson, NV | 55,000 | |
| 9/17/2011 | Pomona, CA | 125,000 | |

| | | |
|---|---|---|
| 10/1/2011 | Rio de Janeiro, Brazil | 50,000 |
| 10/2/2011 | Sao Paulo, Brazil | 130,000 |
| 10/5/2011 | Santiago, Chile | 66,000 |
| 10/8/2011 | Panama City, FL | 125,000 |
| 10/18/2011 | Fresno, CA | 100,000 |
| 10/22/2011 | Rio Rancho, NM | 55,000 |
| 10/23/2011 | Phoenix, AZ | 85,000 |
| | Subtotal | 1,548,000  26 concerts cancelled |

**2011 Summer Concert Series**
**Analysis of Lost Income due to 8/11/11 Accident**
**(Data per Weise CPA Budget vs Actual)**
**Estimated Lost Concert Net Income**
**Schedule 3**

**Income -**

|  | Based Upon 20 concert Actual Results | Based Upon Budget for a Sample of Cancelled Concerts |
|---|---|---|
| Guarantees | 1,113,472 | 545,000 |
| VIP Ticket Income | 24,211 | |
| Total Income | 1,137,683 | |
| Guaranteed per contract - Schedule 2 | 1,058,000 | |
| Increase in income | 1,075314745 | |
| Guaranteed income lost due to cancellation - Schedule 2 | 1,509,500 | |
| Estimated lost income | 1,623,188 | |

**Expenses -**

|  |  |  |
|---|---|---|
| Total Expenses | 963,453 | |
| Management Fees | 204,077 | |
| Deduct estimate management fee on sponsorship income | -45,000 | |
| Grand Total Expenses | 1,122,530 | 410,300 |
| Average Cost Per Concert | 56,127 | |
| Estimated Costs for 25 Cancelled Concerts | 1,403,163 | |
| Estimated Lost Net Income | 220,025 | |
| Budgeted Net Income | | 134,700 |
| Gross Profit Percentage | | 0.2472 |
| Estimated Lost Net Income per concert | 8,801 | 14,923 |

**2011 Summer Concert Series**
**Analysis of Lost Income due to 8/11/11 Accident**
**(Data per Weise CPA Budget vs Actual)**
**Estimated Lost Merchandise Income**
**Schedule 4**

|  | Actual |
|---|---|
| Merchandise Income | 141,229 |
| Number of concerts performed | 20 |
| Average Merchandise Income per concert | 7,061 |



Devon Bruce
Power, Rogers & Smith
70 West Madison, #5500
Chicago, IL 60602

To whom it may concern:

It is my professional opinion, based on my years of experience working in the music industry and with Miranda's tour, that had it not been for the bus collision, MIRANDA COSGROVE would have continued to add and perform at least an additional thirty-five (35) concerts at $30,000 USD for each performance (this does not include merchandise revenue), in addition to a New Year's Eve concert for at least $150,000 USD. At the time of the bus collision on August 11, 2011, MIRANDA COSGROVE had twenty-five (25) concerts confirmed in writing on the Dancing Crazy Tour.

As an expert in the industry for years, I am familiar with the practice of booking concerts domestically and internationally. As MIRANDA COSGROVE's responsible agent, I can say that figures for the additional 35 dates are not arbitrary, but in fact real numbers that she would have earned as I was already adding concerts from what was initially planned.

In addition to the cancelled 2011 dates, MIRANDA COSGROVE intended to perform another concert tour in 2012 following the filming of iCarly, but was unable to do so due to the loss of her Sony Records label deal, which was a result of the loss of momentum of the cancellation of her 2011 tour.

Sincerely,

Marc Geiger
WME, Worldwide Head of Music

9601 WILSHIRE BLVD, 3RD FLOOR, BEVERLY HILLS, CA 90210  TEL 310 285 9000  FAX 310 285 9010

EXHIBIT
B

## CERTIFICATE OF SERVICE

The undersigned certifies pursuant to Fed.R.Civ.P.5 and LR 5.5, that a true and correct copy of the foregoing Plaintiff's Amended 26(a)(1) Disclosures (FILED UNDER SEAL) were served via electronic service on all counsel of record before the hour of 5:00 pm on June 20, 2014.

s/ Devon C. Bruce

**Co-Counsel for Plaintiffs**
Joseph A. Power, Jr.
Devon C. Bruce
Power, Rogers & Smith
70 West Madison, #5500
Chicago, IL 60602
Tel: 312/236-9381
Fax: 312/236–0920

Tom Keefe
Thomas Q. Keefe, Jr., PC
Six Executive Woods Court
Swansea, IL 61951
Tel: 618/236-2221

SERVICE LIST

**Attys. for Def., Jeffco Leasing Co., Inc. and Phillip L. Carter**
Michael D. Huber
Eryk J. Wachnik
David J. Farina
Cray Huber Horstman Heil & VanAusdal, LLC
303 W. Madison St., Ste. 2200
Chicago, IL 60606
312/332-8450
Fax: 312/332-8451
Michael Huber's e-mail address: mdh@crayhuber.com
David J. Farina's e-mail address: dif@crayhuber.com
Eryk J.Wachnik's e-mail address: ejw@crayhuber.com

**Attys. for Defs., Pioneer Coach, Inc., Rodney McClure & Intervenor, National Interstate Insurance Company**
Joshua S. Davis
Mary Anne Mellow
Natalie J. Kussart
Sandberg Phoenix & von Gontard, P.C.
600 Washington Ave., 15th FL
St. Louis, MO 63101-1313
314/231-3332
Fax: 314/241-7604
jdavis@sandbergphoenix.com
mmellow@sandbergphoenix.com
nkussart@sandbergphoenix.com

**Attys. for 3rd Party Def., Four Seasons Coach Leasing, Inc.**
James C. Elder
435 N. Martingale Rd., Ste. 1150
Schaumburg, IL 60173
847/330-3700
Fax: 847/330-3711
jelder@stellatoschwartz.com

**Attys. for Leldon and Carrie Coffey**
D Neil Smith
Amy R. Miller
Nix, Patterson & Roach LLP - Irving
5215 N. O'Connor Blvd.
Suite 1900
Irving, TX 75039
Fax: 972-444-0716
Email: dneilsmith@me.com
Email: amymiller@nixlawfirm.com

**Attorneys for Phillip Carter in Intervenor Action**
Michael P. Glisson , Sr.
Williamson, Webster et al.
Madison County
603 Henry Street
Alton, IL 62002
618-462-1077
Fax: 618/462-1080
Email: mglisson71@yahoo.com

**Attorneys for Rodney McClure in *McClure v. Carter***
Jon E. Rosenstengel
Bonifield & Rosenstengel
Generally Admitted
16 East Main Street
Belleville, IL 62220-1602
618-277-7740
Fax: 618-277-5515
Email: jonrose@icss.net

<u>**Counsel for Four Seasons Coach Leasing, Inc.**</u>
Kevin L. Fritz
Lashly & Baer, PC
714 Locust Street
St. Louis, MO 63101
Tel: 314/621-2939
Fax: 314/621-6844