IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MIRANDA COSGROVE and**
**CHRISTINA COSGROVE,**

**Plaintiffs,**

v.

**RODNEY D. MCCLURE et al.,**

**Defendants.**                                                       No. 13-cv-580-DRH-PMF

MEMORANDUM & ORDER

**HERNDON, District Judge:**

> **I.**     **Introduction and Background**

This matter is before the Court on defendant Jeffco Leasing Co, Inc.'s motion to dismiss portions of Count II of defendant Pioneer Coach Inc.'s cross-claims (Doc. 33). Jeffco Leasing Co, Inc. moves to dismiss with prejudice sub-part (a) and (b) of paragraph 27 of Count II of Pioneer's cross-claim pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE. Pioneer Coach Inc. filed a response to the motion acknowledging Jeffco Leasing's arguments and relevant case law  (Doc. 55). For the reasons stated below, defendants' motion is **GRANTED**.

The cross-claim at issue asserts theories of liability against Jeffco Leasing for the conduct of employee Phillip Carter. On June 20, 2013, plaintiffs Christina and Miranda Cosgrove, filed a three-count complaint for injuries arising out of a vehicular collision, which occurred on or about August 11, 2011, between a coach

bus and overturned tractor and semi-trailer on Interstate 70 near Mile Post 72 in Fayette County, Illinois (Doc. 2). Plaintiffs filed a second amended complaint on August 16, 2013, alleging two counts of negligence resulting from the accident against Phillip Carter individually and as an agent or employee of Jeffco Leasing, and Rodney McClure individually and as an agent or employee of Pioneer Coach (Doc. 30). Pioneer Coach filed a cross-claim against Phillip Carter and Jeffco Leasing on August 1, 2013 (Doc. 21). The cross-claim seeks contribution and alleges that on August 11, 2011, Phillip Carter, in the course and scope of his employment with Jeffco Leasing, was operating a tractor-trailer and that it overturned on Interstate 70 where it was later impacted by a bus operated by Pioneer Coach (Doc. 21). Count I is for *respondeat superior* liability against Jeffco Leasing; Count II is for direct negligence against Jeffco Leasing for negligent employment and supervision of Carter; negligent inspection and maintenance of the tractor and trailer; and vicarious liability for Carter's negligence.

## II. Motion to Dismiss

A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007).

Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)) transformed federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008) (citations and quotations omitted).

### III.  Analysis

In Illinois, a negligent entrustment claim is duplicative where an employer has admitted liability for the actions of the employee in a *respondeat superior* claim. *Gant v. L.U. Transp., Inc.,* 770 N.E.2d 1155, 1159 (Ill.App. 2002). Because of the potential admission of inflammatory evidence irrelevant to the negligence action, Illinois courts have reasoned that a negligent entrustment claim must be dismissed where the employer admits the employee was acting within his scope of his employment. *Gant,* 770 N.E.2d at 1160. *Respondeat superior* and negligent entrustment are "simply alternative theories by which to impute an employee's negligence to an employer." *Id.*

In this case, Jeffco Leasing moves to dismiss with prejudice sub-part (a) and (b) of paragraph 27 of Count II of Pioneer Coach's cross-claim. Specifically, Jeffco Leasing argues that the aforementioned allegations of Count II should be dismissed because they are duplicative, as defendant has admitted to Pioneer Coach's *respondeat superior* claim that its driver, Phillip Carter, was acting within the scope of his employment at Jeffco Leasing at the time of the alleged collision. In its response, Pioneer Coach admitted that the negligence claims pertaining to Jeffco Leasing are included in said claims against Carter.

Under current Illinois law, which has been adopted by the Federal Courts in Illinois, subpart (a) and (b) of paragraph 27 of Count II of Jeffco Leasing's cross-claim cannot stand because Jeffco Leasing admitted that as an employee of Jeffco Leasing, Carter acted within the scope of his employment at the time of the collision vehicular collision. *See Gant v. L.U. Transp., Inc.,* 770 N.E.2d 1155, 1159 (Ill.App.2002); *Hewitt v. Schneider Nat. Carriers, Inc.,* No. 09-CV-615-DRH, 2010 WL 415385 (S.D. Ill. Feb. 2010); *Campa v. Gordon Food Services, Inc.,* 2002 WL 1879262 (N.D. Ill. 2002). The *Gant* court's holding is directly on point in its assertion: "Notwithstanding the fact that Illinois is a comparative negligence jurisdiction, a plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, negligent retention or negligent entrustment against an employer where the employer admits responsibility for the conduct of the employee under a *respondeat superior* theory." *Gant*, 770 N.E.2d at 1159 (footnote omitted). As a result of the duplicative nature of sub-part (a) and (b) of

paragraph 27 of Count II of Pioneer Coach's cross-claim, the Court grants Jeffco Leasing's motion to dismiss.

## IV. Conclusion

For the reasons stated above, defendant's motion to dismiss is **GRANTED** (Doc. 33). The Court **DISMISSES with prejudice** sub-parts (a) and (b) of paragraph 27 of Count II of Pioneer Coach's cross-claim.

**IT IS SO ORDERED.**

Signed this 20th day of January, 2015.

Digitally signed by David R. Herndon
Date: 2015.01.20 13:30:00 -06'00'

**District Judge**
**United States District Judge**